FILED
MAR 1 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH EUGENE SPEIGHT, #12471-014
POB 8000    Plaintiff,
Bradford, PA 16701
           -vs-

FEDERAL BUREAU OF PRISONS,
           Defendant.

Case: 1:07-cv-00481
Assigned To : Robertson, James
Assign. Date : 03/14/2007
Description: KENNETH E. SPEIGHT V. BOP

## COMPLAINT

Plaintiff brings this action seeking order which will enjoin Defendant agency from withholding records releasable under F.O.I.A.

### I. JURISDICTION

1. Jurisdiction is founded upon a federal question arising under the Constitution and laws of the United States.

2. Jurisdiction further arises under 5 U.S.C. §§ 552(a)(4)(B) and 702 et seq.

### II. PARTIES

3. Plaintiff, Kenneth Eugene Speight, is a prisoner in federal custody, currently incarcerated at Federal Correction Institution - McKean, Bradford, Pennsylvania.

4. Defendant, Federal Bureau of Prisons, is an "agency" within the meaning of 5 U.S.C. § 551(1), which has principal offices at 320 First Street, N.W. Washington, D.C.

1

RECEIVED
FEB 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### III. FACTUAL BACKGROUND

5. On April 5, 2004, Plaintiff was placed in administrative detention at Federal Correction Institution (FCI) Allenwood, Pennsylvania, "pending investigation of a violation of Bureau regulation." See Exhibit "A".

6. At that time, all of Plaintiff's property was "confiscated," including all of his legal files and papers pertaining to his ongoing litigations.

7. On April 20, 2004, Plaintiff made a Freedom of Information Act/Privacy Act (FOIA/PA) request for files containing the legal and factual bases relied upon in determination to detain and investigate Plaintiff, and the BOP refused to provide disclosure or otherwise respond.

8. Plaintiff requested disclosure of the specific "Bureau regulation," suspected violation of which provided the basis for investigation, and BOP refused to provide disclosure or otherwise respond.

9. Plaintiff remained in administrative detention under purported investigation until June 2, 2004, for 58 days.

10. Plaintiff was never interviewed during the entire 58-days investigative, administrative detention.

11. Plaintiff's property was never searched or examined during the 50-days period in which it was "confiscated" and detained.

12. Plaintiff was released from administrative detention and returned to the general population at FCI Allenwood, without any disciplinary or enforcement proceedings resulting from the purported basis for the administrative detention.

13. On June 23, 2004, Plaintiff filed complaint in U.S. district court on grounds that BOP had failed/refused to respond to FOIA request for records.

14. On August 10, 2004, the BOP created a record purportedly containing information regarding the investigation for which Plaintiff had been detained.

15. Plaintiff has requested disclosure of all documentation related to said investigation, pursuant to FOIA. See Exhibit "B".

16. The BOP responded that there were six (6) pages of records responsive to Plaintiff's request, but determined that only four (4) pages were disclosable. The disclosed four (4) of six (6) pages of a document entitled, UNITED STATES GOVERNMENT MEMORANDUM,F.C.I. ALLEWOOD, PA.," refers to "Supporting Documentation" which are stated to be "included in Case Number 04-059.

17. The BOP filed to disclose any of the "included" documents mentioned, although, no express claim of exemption was made, and such documents are clearly within the scope of Plaintiff's request.

18. The BOP withheld large portions of the four pages of documents produced, citing various statutory bases of exemptions.

19. Plaintiff filed appeal of the denial of disclosure to the Attorney General of the United States, directed to the Office of Information and Privacy on April 12, 2006.

20. On September 26, 2006, the Attorney General of the United States acting through the Office of Information and Privacy, advised the Plaintiff that he could consider his administrative remedies exhausted and commence a civil action at his discretion.

## COUNT I

21. Paragraphs 1 through 20 are realleged as if fully set forth here.

22. The BOP failed to disclose all reasonably segregatable, non-exempt portions of requested records after deletion of legally exempt materials, and improperly asserted exemptions.

23. The Plaintiff brings this action for the purpose of compelling the BOP to disclose the information maintained in its system of records which was specified in Plaintiff's FOIA/PA request together with records pertinent to the said request.

## IV. REQUESTED RELIEF

WHEREFORE, the Plaintiff requests an Order of the Court directing the Defendant to release to the Plaintiff all of the disclosable information as maintained in its system of records that are responsive to Plaintiff's request of 25 January 2006, together with the costs of this action and an allowance for reasonable attorney's fees and such other and further relief as to the Court shall seem just and proper.

Respectfully Submitted,
/S/ KENNETH EUGENE SPEIGHT

By: Kenneth Eugene Speight,
Pro Se
c/o P.O. Box 8000
Bradford, Pennsylvania
[16701]

4

**ATTESTATION**

UNITED STATES DISTRICT COURT   )
                               ) ss:
DISTRICT OF COLUMBIA           )

COMES NOW, Kenneth Eugene Speight, the Plaintiff in the above entitled action, and states under oath and under the pains and penalties of perjury that the allegations contained in the foregoing complaint wherein he is the Plaintiff and Federal Bureau of Prisons is joined as Defendant, are true and correct according to his best knowledge, information and belief.

IN WITNESS WHEREOF, he has signed his name hereto this 7th day of February 2007.

_____
Kenneth Eugene Speight, pro se

BP-S308.052   ADMINISTRATIVE DETENTION ORDER   C804   94
U.S. DEPARTMENT OF JUSTICE                     FEDERAL BUREAU OF PRISONS

                                               FCI Allenwood
                                               Institution
                                    Date/Time: April 5, 2004 / 1:00PM

TO:      Special Housing Unit Officer                           1-A

FROM:    J. Hepner, Lieutenant                , (Name/Title)

SUBJECT:     Placement of Speight, Kenneth  Reg. No. 12471-014 , in Administrative Detention

_____  (a) Is pending a hearing for a violation of Bureau regulations;
  XXXXX    (b) Is pending investigation of a violation of Bureau regulations;
_____  (c) Is pending investigation or trial for a criminal act;
_____  (d) Is to be admitted to Administrative Detention

         _____(1) Since the inmate has requested admission for protection;

    I hereby request placement in Administrative Detention for my own protection.

         Inmate Signature/Register No.: _____

         Staff Witness Printed Name Signature: _____

         _____(2)  Since a serious threat exists to individual's safety as perceived by staff,
                     although person has not requested admission; referral of the necessary information
                     will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e) Is pending transfer or is in holdover status during transfer.
_____ (f) Is pending classification; or
_____ (g) Is terminating confinement in Disciplinary Segregation and has been ordered into
            Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued
presence in the general population poses a serious threat to life, property, self, staff, other
inmates, or to the security or orderly running of the institution because*
 Inmate Speight is being placed in Administrative Detention pending SIS investigation.
_____
Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The
inmate received a copy of this Order on (date/time) April 5, 2004 /2:00PM
Staff Witness Signature/Printed Name _____ /C. Litchard Date 4-05-04
*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will
make an independent review and decision, which is documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy -
Captain; Copy - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy -
Central File

(This form may be replicated via WP)                Replaces BP-308(52) of JAN 88

Copy
8/9/04
                                                                                    14

Exhibit "B"

21 October 2005

Kenneth Eugene Speight
c/o P.O. Box 3000
White Deer, Pennsylvania
[17887]

{ Second Request
Dated 25 January 2006 via,
Certified Mail # 7003 3110 0006 1297 0057

Wanda Hunt, Chief
FOIA/PA Section
Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC 20534

Re: FREEDOM OF INFORMATION ACT/PRIVACY ACT REQUEST

Dear Ms. Hunt:

This is a request pursuant to the Freedom of Information Act, 5 U.S.C. §552, and the Privacy Act of 1974, 5 U.S.C. §552a, for disclosure of copies of documents within the custody or control of, or maintained by, or accessible to, your "agency." Please provide copies of:

1. All files, reports, memorandums, records and other documentation which constitute any "report(s)" or "record(s)" of any SIS investigation conducted by Lt. J. LYONS and/or Lt. B. Feltman during the time period April 4, 2004 and June 2, 2004 with respect to Kenneth Eugene Speight, Reg. No. 12471-014, as the subject of such investigation.

If there are no documents responsive to this request, please so indicate in your reply.

FOIA/PA-WH, CNFOIS/BOP-102105

1

With respect to any "exemptions" you may wish to claim, please provide any reasably segregatable portion of a record after deletion of the portions which are exempt, along with the legal justification for each such deletion.

Thank you in advance for your timely compliance.

Cordially,

Kenneth Eugene Speight

FOIA/PA-WH, CAFOI§BOP-102105

2

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kenneth Eugene Speight | Federal Bureau of Prisons |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888 (EXCEPT IN U.S. PLAINTIFF CASES) PRO SE PR | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TR____ |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) #12471-014 | AT Case: 1:07-cv-00481 Assigned To : Robertson, James Assign. Date : 03/14/2007 Description: KENNETH E. SPEIGHT V. BOP |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act |

3

| ☐ **G.** *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ **I.** *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 USC 552 (FOIA)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 0   Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE   SIGNATURE OF ATTORNEY OF RECORD
NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd