UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

KENNETH EUGENE SPEIGHT,
              Plaintiff,

    -vs-                              Civil Number: 1:07-cv-481-JR

FEDERAL BUREAU OF PRISONS,
              Defendant.

## AMENDED COMPLAINT

     Plaintiff brings this action seeking order which will enjoin Defendant **agency** from withholding records releasable under F.O.I.A.

## I.   JURISDICTION

1.     Jurisdiction is founded upon a federal question arising under the Constitution and laws of the United States.

2.     Jurisdiction further arises under 5 U.S.C. §§ 552(a)(4(B) and 702 et seq.

## II. PARTIES

3.     Plaintiff, Kenneth Eugene Speight, is a prisoner in federal custody, currently incarcerated at Federal Correction Institution McKean, Bradford, Pennsylvania.

4.     Defendant, Federal Bureau of Prisons, is an "agency" within the meaning of 5 U.S.C. § 551(1), which has principal offices at 320 First Street, N.W., Washington, D.C.

III. **FACTUAL BACKGROUND**

5.    On April 5, 2004, Plaintiff was placed in administrative de-
tention at Federal Correction INstitution (FCI) Allenwood, Pennsyl-
vania, "pending investigation of a violation of Bureau regulation."
See Exhibit "A".

6.    At that time, all of Plaintiff's property was "confiscated,"
including all of his legal files and papers pertaining to his on-
going litigations.

7.    On April 20, 2004, Plaintiff made a Freedom of Information
Act/Privacy Act (FOIA/PA) request for files containing the legal and
factual bases relied upon in determination to detain and investigate
Plaintiff, and the BOP refused to provide disclosure or otherwise
respond.

8.    Plaintiff requested disclosure of the specific "Bureau regula-
tion," suspected violation of which provided the basis for investiga-
tion, and BOP refused to provide disclosure or otherwise respond.

9.    Plaintiff remained in administrative detention under purport-
ed investigation until June 2, 2004, for 58 days.

10.    Plaintiff was never interviewed during the entire 58-days in-
vestigative, administrative detention.

11.    Plaintiff's property was never searched or examined during
the 50-days period in which it was "confiscated" and detained.

12.    PLaintiff was released from administrative detention and re-
turned to the general population at FCI Allenwood, without any disci-
plinary or enforcement proceedings resulting from the purported ba-
sis for the administrative detention.

2

13.    On June 23, 2004, Plaintiff filed complaint in U.S. district court on grounds that BOP had failed/refused to respond to FOIA request for records.

14.    On August 10, 2004, the BOP created a record purportedly containing information regarding the investigation for which Plaintiff had been detained.

15.    Plaintiff has requested disclosure of all documentation related to said investigation, pursuant to FOIA. See Exhibit "B"

16.    The BOP responded that there were six (6) pages of records responsive to Plaintiff's request, but determined that only four (4) pages were disclosable.  The disclosed four (4) of six (6) pages of a document entitled, UNITED STATES GOVERNMENT MEMORANDUM, F.C.I. ALLENWOOD, PA.," refers to "Supporting Documentation" which are stated to be "included in Case Number 04-059.

17.    The BOP failed to disclose any of the "included" documents mentioned, although, no express claim of exemption was made, and such documents are clearly within the scope of Plaintiff's request.

18.    The BOP withheld large portions of the four pages of documents produced, citing various statutory bases of exemptions.

19.    Plaintiff filed appeal of the denial of disclosure to the Attorney General of the United States, directed to the Office of Information and Privacy on April 12, 2006.

20.    On September 26, 2006, the Attorney General of the United States acting through the Office of Information and Privacy, advised the Plaintiff that he could consider his administrative remedies exhausted and commence a civil action at his discretion.

3

21.    On September 29, 2006, Plaintiff filed a formal administra-
tive remedy request, BP-9, seeking correction of his classification
records.  Said request was received by the USP Allenwood Warden and
numbered, 428661-F1.

22.    Said request was not answered or responded to, but Plaintiff
was transferred on October 4,, redesignated to FCI McKean.

23.    On October 25, 2006, at FCI McKean, Plaintiff received the
administrative remedy BP-9 which he had filed at USP Allenwood.  No
response from the Warden accompanied the form, but instead, a photo-
copy of the request containing a statement dated October 2, 2006,
claiming to "withdraw" the request.

24.    On November 9, 2006, Plaintiff made request for all memoranda
by USP Allenwood staff and all files, records, or other documenta-
tion related to administrative remedy number 428661-F1, however, BOP
failed/refused to respond in any manner whatsoever. See Exhibit "C".

25.    On February 12, 2007, Plaintiff made second request to BOP
for the memoranda, files and documents related to administrative
remedy number 428661-F1, however, BOP has continued in its refusal
to respond or acknowledge said request.

26.    Plaintiff has exhausted his administrative remedies.

## COUNT I

27.    Paragraphs 1 through 20 are realleged as if fully set forth
here.

28.    The BOP failed to disclose all reasonably segregatable non-
exempt portions of requested records after deletion of legally
exempt materials, and improperly asserted exemptions of material

4

related to investigation of April through June of 2004.

29.    The Plaintiff brings this action for purpose of compelling the BOP to disclose the information maintained in its system of records which was specified in Plaintiff's FOIA/PA request of October 21, 2005, together with records pertinent to said request.

## COUNT II

30.    Paragraphs 21 through 26 are realleged as if fully set forth here.

31.    The BOP failed to disclose requested records or otherwise respond to request as required by law, and has improperly withheld information related to administrative remedy number 428661-Fl.

32.    The Plaintiff brings this action for purpose of compelling the BOP to disclose the information maintained in its system of records which was specified in Plaintiff's FOIA/PA request of November 9, 2006, together with records pertinent to said request.

## IV.    REQUESTED RELIEF

WHEREFORE, the Plaintiff requests an Order of the Court directing the Defendant to release to the Plaintiff all of the disclosable information as maintained in its system of records that are responsive to Plaintiff's request dated October 21, 2005, and his request dated November 9, 2006, together with the cost of this action and an allowance for reasonable attorney's fees and such other and further relief as to the Court shall seem just and proper.

Respectfully Submitted,
/S/ KENNETH EUGENE SPEIGHT


By: Kenneth Eugene Speight, Pro Se
c/o P.O. Box 8000
Bradford, Pennsylvania [16701]

5

**ATTESTATION**

UNITED STATES DISTRICT COURT   )
                               ) ss:
DISTRICT OF COLUMBIA           )

COMES NOW, Kenneth Eugene Speight, the Plaintiff in the above entitled action, and states under oath and under the pains and penalties of perjury that the allegations contained in the foregoing Complaint wherein he is the Plaintiff and Federal Bureau of Prisons is joined as Defendant. are true and correct according to his best knowledge, information and belief.

IN WITNESS WHEREOF, he has signed his name hereto this 21st day of May 2007.

_____
Kenneth Eugene Speight, Pro Se

6

*EXHIBIT A*

BP-S308.052  **ADMINISTRATIVE DETENTION ORDER**   C804  94

**U.S. DEPARTMENT OF JUSTICE**   ,                    **FEDERAL BUREAU OF PRISONS**

007

                                                                    FCI Allenwood
                                                                    Institution

                                            Date/Time: **April 5,2004 / 1:00PM**

TO:   Special Housing Unit Officer                          1-A

FROM:   **J. Hepner, Lieutenant** _____ , (Name/Title)

SUBJECT:      Placement of **Speight, Kenneth** ____ Reg. No. __ **12471-014** __ , in Administrative Detention

_____ (a) Is pending a hearing for a violation of Bureau regulations;
__XXXXX____ (b) Is pending investigation of a violation of Bureau regulations;
_____ (c) Is pending investigation or trial for a criminal act;
_____ (d) Is to be admitted to Administrative Detention

_____(1) Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

        Inmate Signature/Register No.: _____

        Staff Witness Printed Name Signature: _____

_____(2)   Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e) Is pending transfer or is in holdover status during transfer.
_____ (f) Is pending classification; or
_____ (g) Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because*
**Inmate Speight is being placed in Administrative Detention pending SIS investigation.**

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy of this Order on (date/time) **April 5, 2004 /2:00PM**
Staff Witness Signature/Printed Name _____/C. Litchard  Date **4-05-04**
*In the case of DHO action, reference to the order is sufficient. In other cases, the officer will make an independent review and decision, which is documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Captain; Copy - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy - Central File

(This form may be replicated via WP)                    Replaces BP-308(52) of JAN 88

Copy
8/9/04
14

EXHIBIT "B" B-1

21 October 2005

Kenneth Eugene Speight
c/o P.O. Box 3000
White Deer, Pennsylvania
[17887]

{ Second Request
Dated 25 January 2006 via,
Certified Mail # 7003 3110 0006 1297 0039

Wanda Hunt, Chief
FOIA/PA Section
Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC 20534

Re: FREEDOM OF INFORMATION ACT/PRIVACY ACT REQUEST

Dear Ms. Hunt:

     This is a request pursuant to the Freedom of Information Act,
5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, for
disclosure of copies of documents within the custody or control of,
or maintained by, or accessible to, your "agency." Please provide
copies of:

     1.  All files, reports, memorandums, records and other
documentation which constitute any "report(s)" or "record(s)"
of any SIS investigation conducted by Lt. J. LYONS and/or
Lt. B. Feltman during the time period April 4, 2004 and
June 2, 2004 with respect to Kenneth Eugene Speight, Reg. No.
12471-014, as the subject of such investigation.

     If there are no documents responsive to this
request, please so indicate in your reply.

FOIA/PA-WH, CnFOI§BOP-102105

1

EXHIBIT "B" B-2

With respect to any "exemptions" you may wish to claim, please provide any reasably segregatable portion of a record after deletion of the portions which are exempt, along with the legal justification for each such deletion.

Thank you in advance for your timely compliance.

Cordially,

Kenneth Eugene Speight

FOIA/PA-WH, CHFOI$BOP-102105

EXHIBIT "C"  C-1

November 9, 2006

Kenneth Eugene Speight
c/o FCI McKean
P.O. Box 8000
Bradford, Pennsylvania
[16701]

Certified Mail # 7005 1160 0000 6981 5074

Wanda Hunt, Chief
FOIA/PA Section
Federal Bureau of Prisons
320 First Street, N.W
Washington, D.C. 20534

Re: **FREEDOM OF INFORMATION ACT/PRIVACY ACT REQUEST**

Dear Ms. Hunt:

This is a non-commercial request pursuant to the Freedom of
Information Act, 5 USC § 552, and the Privacy Act, 5 USC § 552a, for
disclosure of records in the custody of your "agency." Please provide
copies of the following:

1.   All Memoranda, or any Memorandum prepared by any USP Allenwood
staff regarding the "closure" of Administrative Remedy Control No. ID
#428661-F1;

        If there are no documents responsive to this request, please so
indicate in your reply;

2.   All files, records, or other documentation related to Administra-
tive Remedy No. 428661-F1, filed with Administrative Remedy Coordinat-
or, Allenwood USP;

        If there are no documents responsive to this request, please so
indicate in your reply.

        With respect to any "exemption(s)" you may wish to claim,
please provide any reasonably segregatable portion of a record after
deletion of the POrtion(s) which is exempt, along with the legal
justification for each such deletion.

        Thank you in anticipation of your timely compliance.

                                    Cordially yours,

                                    Kenneth Eugene Speight

**FOIA/PA, WHChFOI$BOP-110906**

EXHIBIT "C" C-2

February 12, 2007

Kenneth Eugene Speight
c/o FCI McKean
P.O. Box 8000
Bradford, Pennsylvania
[16701]


Wanda Hunt, Chief
FOIA/PA Section
Federal Bureau of Prisons
320 First Street, N.W.
Washington, D.C. 20534

Re: **FREEDOM OF INFORMATION ACT/PRIVACY ACT REQUEST**
    **(Second Request)**

Dear Ms. Hunt:

This is a non-commercial request pursuant to the Freedom of
Information Act, 5 USC § 552, and the Privacy Act, 5 USC § 552a, for
disclosure of records in the custody of your "agency." Please pro-
vide copies of the following:

1. All Memoranda, or any Memorandum prepared by any USP Allenwood
staff regarding the "closure" or "withdrawal" of Administrative
Remedy Control No. ID #428661-F1;

    If there are no documents responsive to this request, please so
    indicate in your reply;

2. All files, records, or other documentation related to Admini-
strative Remedy Request No. 428661-F1, filed with Administrative
Remedy Coordinator, USP Allenwood, on or about September 29, 2006;

    If there are no documents responsive to this request, please so
    indicate in your reply.

With respect to any "exemption(s)" you may wish to claim, please
provide any reasonably segregatable portion of a record after dele-
tion of the portion(s) which is exempt, along with the legal justi-
fication for each such deletion.

Thank you in anticipation of your timely compliance.

                                        Cordially yours,


                                        Kenneth Eugene Speight


**FOIA/PA, WHChFOI$BOP-021207**