# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENNETH E. SPEIGHT** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 07- 481(RCL)** |
| ) | |
| **v.** ) | |
| ) | |
| **FEDERAL BUREAU OF PRISONS** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, defendant, the Federal Bureau of Prisons (BOP), a sub-component of the United States Department of Justice, respectfully moves for summary judgment. As grounds for this motion, defendant asserts that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.[1] A Memorandum of

---

[1] Plaintiff should take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion may be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth

Points and Authorities, a Statement of Genuine Issues of Material Fact not in dispute, the

Declaration of Paralegal Specialist, Vanessa Herbin-Smith and a Proposed Order granting the

relief sought are attached hereto.

                              Respectfully submitted,


                              _____/s/_____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney


                              _____/s/_____
                              RUDOLPH CONTRERAS, D.C. Bar # 434122
                              Assistant United States Attorney


                              _____/s/_____
                              WYNEVA JOHNSON, DC Bar #278515
                              Assistant United States Attorney
                              555 4th Street, N.W.,
                              Washington, D.C. 20530
                              (202) 514-7224
                              Attorneys for Defendant

---

specific facts showing that there is a genuine issue for trial.  If the
adverse party does not so respond, summary judgment, if
appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENNETH E. SPEIGHT** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | )     **Civil Action No. 07- 481 (RCL)** |
| | ) |
| **v.** | ) |
| | ) |
| **FEDERAL BUREAU OF PRISONS** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## STATEMENT OF MATERIAL FACTS AS TO WHICH
## <u>THERE IS NO GENUINE DISPUTE</u>

_____Pursuant to Local Rule 7(h), defendant hereby submits the following material facts as to which there is no genuine dispute:

1.      On or about October 31, 2005, the Federal Bureau of Prisons (BOP) received a Freedom of Information Act (FOIA) request from plaintiff, Kenneth Speight,  requesting  "All files, reports, memorandums records and other documents which constitute any "reports" or "records" of any SIS investigation conducted by Lt. J. Lyons and/or Lt. B. Feltman during the time period of April 4, 2004 and June 2, 2004 with respect to Kenneth Eugene Speight, Reg. No. 12471-014, as the subject of such investigation."   See Declaration of Vanessa Herbin-Smith, ("Herbin-Smith Decl."),¶¶ 5-6.

2.      On or about November 3, 2005, a request for responsive records was forwarded to the legal office at FCI Allenwood as the plaintiff was housed at that facility during the time frame referenced. Herbin-Smith Decl., ¶7.

3.      By letter dated February 14, 2006, plaintiff was notified that six pages of records were received for review, that four of those pages would be released with redactions, and that two pages would be withheld in their entirety.   Herbin-Smith Decl., ¶ 8.

4.      On or about April 12, 2006, the plaintiff filed an appeal to the Department of Justice Office of Information and Privacy (OIP).  In his appeal, the plaintiff requested the decision to withhold the record be reversed.  Herbin-Smith Decl., ¶ 9.

5.      On September 25, 2006, OIP responded to the plaintiff and affirmed, on partly modified grounds, BOP's action on his request. In the letter, OIP indicated that the records in question were exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. Section 552a(j)(2).  The letter also indicated that the BOP properly withheld certain information under the following FOIA exemptions - 5 U.S.C. Section 552(b)(5), (b)(7)( C), (b)(7)(D), (b)(7)(F).  In addition, OIP withheld information under exemption - 5 U.S.C. Section 552(b)(2). Herbin-Smith Decl., ¶ 10.

6.      In this case, the records at issue were complied during the course of the BOP's performance of its law enforcement functions of protecting inmates, staff and the community.  28 C.F.R. § 540.102. The six pages at issue in this action comprise a  memorandum prepared by a Special Investigative Lieutenant into an incident at FCI  Allenwood in April 2004.  Herbin-Smith Decl., ¶ 11.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


__/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney

### UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENNETH E. SPEIGHT** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 07- 481 (RCL)** |
| ) | |
| **v.** ) | |
| ) | |
| **FEDERAL BUREAU OF PRISONS** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Kenneth Speight is a federal prisoner currently incarcerated at the McKean Federal Correctional Institution in McKean, Pennsylvania. See Vanessa Herbin-Smith Declaration (Herbin-Smith Decl.), ¶ 2.  On or about April 5, 2004, plaintiff was placed in administrative detention at the Federal Correctional Institution at Allenwood, Pennsylvania, "pending investigation of a violation of [BOP] regulation." See Complaint, Factual Background, at ¶ 5.  Plaintiff asserts that he brings this litigation for the sole purpose of "compelling BOP to disclose the information" redacted or excluded from the 6 page document responsive to his FOIA request. Complaint, Count I, ¶ 23.

Through this motion, defendant United States Department of Justice on behalf of its sub-component, the BOP hereby requests that the Court enter summary judgment in its favor and dismiss this matter.  As set forth below, defendant has adequately justified all materials withheld from disclosure pursuant to the relevant FOIA exemptions.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On or about October 31, 2005,  the Federal Bureau of Prisons (BOP) received a Freedom of Information Act (FOIA) request from plaintiff, Kenneth Speight,  requesting  "All files, reports, memorandums records and other documents which constitute any "reports" or "records" of any SIS investigation conducted by Lt. J. Lyons and/or Lt. B. Feltman during the time period of April 4, 2004 and June 2, 2004 with respect to Kenneth Eugene Speight, Reg. No. 12471-014, as the subject of such investigation."   See Declaration of Vanessa Herbin-Smith, ("Herbin-Smith Decl."),¶¶ 5-6.

Thereafter, on or about November 3, 2005, a request for responsive recordings was forwarded to the legal office at FCI Allenwood as the plaintiff was housed at that facility during the time frame referenced. Herbin-Smith Decl., ¶ 7.

By letter dated February 14, 2006, plaintiff was notified that six pages of records were received for review, that four of those pages would be released with redactions, and that two pages would be withheld in their entirety.   Herbin-Smith Decl., ¶ 8.

On or about April 12, 2006, the plaintiff filed an appeal to the Department of Justice Office of Information and Privacy (OIP).  In his appeal, the plaintiff requested the decision to withhold the record be reversed.  Herbin-Smith Decl., ¶ 9.

In this case, the records at issue were compiled during the course of the BOP's performance of its law enforcement functions of protecting inmates, staff and the community.  28 C.F.R. § 540.102. The six pages at issue in this action is a memorandum prepared by a Special Investigative Lieutenant into an incident at FCI Allenwood in April 2004.  Herbin-Smith Decl., ¶11.

On September 25, 2006, OIP responded to the plaintiff and affirmed, on partly modified grounds, BOP's action on his request. In the letter , OIP indicated that the records in question were exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. Section 552a(j)(2).  The letter also indicated that the BOP properly withheld certain information under the following FOIA exemptions - 5 U.S.C. Section 552 (b)(5), (b)(7)( C), (b)(7)(D), (b)(7)(F). In addition, OIP withheld information under exemption b(2) - 5 U.S.C. Section 552(b)(2). Herbin-Smith Decl., ¶ 10.

## II. <u>ARGUMENT</u>

### A.    SUMMARY JUDGMENT STANDARD

In a FOIA/PA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); <u>Alveska Pipeline Serv. Co, v. EPA</u>, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary judgment); <u>Weisberg v. Department of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); <u>Department of Justice v. Reporters Comm. For Freedom of the Press</u>, 489 U.S. 749, 755 (1989). In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith.  <u>Oglesby v. Department of Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990); <u>see</u> <u>Hayden v. National Security Agency</u>, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. <u>Students Against</u>

Genocide v. Department of State, 257 F.3d 828, 833 (D.C. Cir. 2001).

Because defendant has released all non-exempt responsive documents, plaintiff's

Complaint should be dismissed.

**B.          BOP Has Adequately Justified Its Withholding of Records.**

**1.  The records Are Exempt From the Privacy Act Disclosure Provisions (j)(2).**

The contents of plaintiff's internal Special Investigative Section (SIS) report are exempt

from the Privacy Act's disclosure provision.  Subsection (j)(2) of the Privacy Act allows an

agency by regulation, to exempt from mandatory disclosure:

> records maintained by an agency or component thereof which
> performs as its principal function any activity pertaining to the
> enforcement of criminal laws, including police efforts to prevent,
> control, or reduce crime or to apprehend criminals, and the
> activities of prosecutors, courts, correctional, probation, pardon, or
> parole authorities, and which consists of ...(B) information
> compiled for the purpose of a criminal investigation, including
> reports of informants and investigators, and associated with an
> identifiable individual; or (C) reports identifiable to an individual
> compiled at any stage of the process of enforcement of the criminal
> laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a (j)(2).

Accordingly, BOP's investigatory records are exempt from disclosure pursuant to

Exemption (j)(2) of the Privacy Act, 5 U.S.C. § 552a(j)(2) in conjunction with 28 C.F.R. § 16.81.

Decl. ¶ 4..  Although access to the records was denied under the Privacy Act, they have been

processed under the access provisions of the FOIA.

4

**2. BOP Has Justified its Invocation of Freedom of Information Act Exemptions**

**a. The Office of Information and Privacy Properly Applied 5 U.S.C. 552(b)(2), Exemption 2 [Internal Agency Rules and Practices]**

Title 5, United States Code, Section 552 (b)(2) (hereinafter Exemption 2) exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). The appellate review of BOP's FOIA exemptions by the Office of Information and Privacy (OIP) properly led to the assertion of Exemption 2 for the FOIA for the six page Special Investigative Section 2004 Incident Report. Herbin-Smith Decl. ¶ 4; Vaughn Index at p.1.[1]

Exemption 2 applies primarily to two types of materials: (1) internal agency matters so routine or trivial that they could not be "subject to ... a genuine and significant public interest;" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. Department of Air Force v. Rose, 425 U.S. 352, 369-70 (1976); National Treasury Employees Union v. United States Custom Service, 802 F.2d 525, 528-30 (D.C. Cir. 1986); Crooker v. Bureau of Alcohol, Tobacco and Firearms, 670 F.2d 1051, 1073-74 (D.C. Cir. 1981).

Defendant has asserted Exemption (b)(2) of FOIA for the materials related to the investigation of the 2004 incident. See Vaughn Index at p.1. Exemption 2 of the FOIA exempts from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552 (b)(2). The information need not be actual rules or practices; agencies can invoke Exemption 2 for matters *related* to rules and practices as well. Department

---

[1]The Vaughn Index is filed separately under seal.

of the Air Force v. Rose, 425 U.S. 352, 369 (1976) (emphasis added).  Exemption 2 envelops

two discrete categories of information.   Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir.

1992).  They include (a) internal matters of a relatively trivial nature (sometimes referred to as

"low 2" information); and (b) more substantial internal matters, the disclosure of which would

risk circumvention of a legal requirement (sometimes referred to as "high 2" information).  Id.

The Supreme Court construed Exemption 2 to protect internal agency matters so routine or trivial

that they could not be "subject to . . . a genuine and significant public interest."  Rose, 425 U.S. at

369.  As such, Exemption 2 relieves agencies of the burden of assembling and providing access

to any "matter in which the public could not reasonably be expected to have an interest."  Id. at

369-70.

        A variety of information qualifies as predominantly internal under Exemption 2.  See

PHE, Inc. v. United States Dept. of Justice, 983 F.2d 248, 251 (D.C. Cir. 1993) (exempting

general guidelines for conducting investigations).  This includes information pertaining to

violator and informant codes that could lead to the impairment of BOP investigations.

Albuquerque Publishing Co. v. Department of Justice, 726 F. Supp. 851, 854 (D.D.C. 1989)

("The public has no legitimate interest in gaining information that could lead to the impairment

of BOP investigations.")

        The OIP properly invoked Exemption (b)(2) to the details of the manner in which the

BOP conducted  the investigation for the 2004 incident involving plaintiff. Exemption (b)(2) was

applied  to matters that are related solely to internal agency practices which, if released, could

enable the circumvention of BOP policies and practices by dangerous or manipulative inmates.

Thus, there is no public interest in the release of such information. Herbin-Smith Decl, ¶10; see

6

generally  Vaughn Index.

**b. BOP Properly Invoked Exemption 5**

Section 552(b)(5) of Title 5 ("exemption 5") exempts from disclosure "inter-agency or

intra-agency  memorandums or letters which would not be available by law to a party . . . in

litigation with the agency."  5 U.S.C. § 552(b)(5).  Accordingly, Exemption 5 ensures that the

public cannot obtain, through FOIA, documents "which a private party could not discover in

litigation with the agency." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 148 (1975), citing

EPA v. Mink, 410 U.S. 73, 85-86 (1973).  The exemption incorporates the attorney-client

privilege, the attorney work-product privilege, and the executive "deliberative process" privilege

that protects candid internal discussion of legal or policy matters[.]"  Maricopa Audubon Society

v. United States Forest Serv., 108 F.3d 1082, 1084 n.1 (9th Cir. 1997).[2]

The deliberative process privilege is designed to encourage frank and uninhibited

communication among government officials in the course of creating public policy.  NLRB v.

Sears, Roebuck & Co., 421 U.S. 132, 149-51 (1975); Petroleum Info Corp. v U.S. Dept. Of

---

[2]    The protections of Exemption 5 as to the attorney work-product privilege, the deliberative process privilege, and the attorney-client privilege, are not limited to civil litigation. Rather, courts have either explicitly or implicitly recognized that the work-product doctrine is applicable to criminal prosecutions when the courts have upheld the nondisclosure of documents prepared in the context of a criminal investigation/prosecution pursuant to the (b)(5) Exemption. See Antonelli v. Sullivan, 732 F.2d 560, 561 (7th Cir. 1983); Ferri v. United States Dep't of Justice, 573 F. Supp. 852, n.33 (W.D.Pa. 1983); Harvey v. United States Dep't of Justice, 747 F.Supp. 29, 37 (D.D.C. 1990); Durham v. United States Dep't of Justice, 829 F. Supp. 428, 433 (D.D.C. 1993); Jimenez v. FBI, 938 F. Supp. 21, 28 (D.D.C. 1996).  Further, Federal Rule of Criminal Procedure 16(a)(2) excludes from disclosure the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government or any other government agent investigating or prosecuting the case.  "[U]nder Rule 16(a)(2), [a defendant] may not examine Government work product in connection with his case."  United States v. Armstrong, 517 U.S. 456 (1996).

Interior, 976 F.2d 1429, 1434 (D.C. Cir. 1992); Access Reports v.U.S. Dept of Justice, 926 F.2d

1192, 1194-1195 (D.C. Cir.  1991).  The deliberative process privilege remains even after a final

decision has been made, because "disclosure at any time could inhibit the free flow of advice."

Federal Open Market Comm. v. Merrill, 443 U.S. 340, 360 (1979).  The privilege protects the

consultative functions of the Government by preserving the confidentiality of opinions,

recommendations, and deliberations which constitute part of the process by which government

decisions are made and Government policies are formulated.   Jordan v. United States Dep't of

Justice, 591 F.2d 753, 772 (D.C. Cir. 1978) (en banc).

Since "Exemption 5 'was intended to protect not simply the deliberative material, but also

the deliberative process of agencies,'" National Wildlife Federation v. United States Forest Serv.,

861 F.2d 1114, 1118 (9th Cir. 1988) (quoting Montrose Chemical Corp. v. Train, 491 F.2d 63,

71 (D.C. Cir. 1974)) the courts have found that even factual materials may be encompassed

within the privilege.

For a document to be covered by the deliberative process privilege, two requirements

must be satisfied.  First, it must be predecisional,[3] i.e., "antecedent to the adoption of agency

---

[3]  "A 'predecisional document' is one 'prepared in order to assist an agency decision maker
in arriving at his decision' and may include 'recommendations, draft documents, proposals,
suggestions, and other subjective documents which reflect the personal opinions of the writer
rather than the policy of the agency.'  A predecisional document is part of the 'deliberative
process' if 'disclosure of [the] materials would expose an agency's decision making process in
such a way as to discourage candid discussion within the agency and thereby undermine the
agency's ability to perform its functions.'"  Formaldehyde Inst. v. Department of Health &
Human Servs., 889 F.2d 1118, 1122 (D.C. Cir. 1989).  "In other words, the document is
considered to be part of the 'deliberative process' as long as it is 'actually . . . related to the
process by which policies are formulated.' Jordan v. United States Dep't of Justice, 591 F.2d
753] at 774 [D.C.Cir. 1978]."  National Wildlife Fed'n, supra, 861 F.2d at 1118 (emphasis
added).

policy." Jordan v. Department of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978) (en banc). In

determining whether a document is predecisional, the Supreme Court has held that an agency

need not identify a specific decision in connection with which a document is prepared. NLRB v.

Sears, Roebuck & Co., 421 U.S. at 151 n.18. The Court recognized that agency deliberations do

not always ripen into agency decisions, and that ultimately the privilege is meant to protect the

decisional process, rather than any particular document or decision. Id.; see also Dudman

Communications Corp. v. Department of the Air Force, 815 F.2d 1565, 1568 (D.C. Cir. 1987)

("Congress enacted Exemption 5 to protect the executive's deliberative processes -- not to protect

specific materials."). It is sufficient for the agency to establish "what deliberative process is

involved, and the role played by the documents in issue in the course of that process." Coastal

States Gas Corp. v. Department of Energy, 617 F.2d 854, 868 (D.C. Cir. 1980).

Second, the document must be deliberative in nature, i.e., it must be "a direct part of the

deliberative process in that it makes recommendations or expresses opinions on legal or policy

matters." Vaughn v. Rosen, 523 F.2d 1135, 1143-44 (D.C. Cir. 1975). Deliberative documents

frequently consist of "advisory opinions, recommendations, and deliberations comprising part of

a process by which governmental decisions and policies are formulated." NLRB v. Sears,

Roebuck & Co., 421 U.S. at 150. Thus, the exemption covers recommendations, draft

documents, proposals, analyzes, suggestions, discussions, and other subjective documents that

reflect the give-and-take of the consultative process. Coastal States, 617 F.2d at 866.

Documents are part of the deliberative process when they are "actually related to the

process by which policies are formulated," and "antecedent to the adoption of an agency policy.

Jordan v. United States Dep't of Justice, 591 F.2d 753, 775 (D.C. Cir. 1978). Moreover,

9

documents reflecting an "agency's group thinking in the process of working out its policy and determining what its law shall be," are exempt under FOIA Exemption 5.  Id. (quoting Sears, Roebuck & Co. v. NLRB, 421 U.S. at 153).[4]

In this case, defendant invokes FOIA exemption 5, as justification for withholding page 5 of the SIS intra-agency investigation report titled "Recommendations and Conclusions." Herbin-Smith Decl,  ¶ 12;  Vaughn Index.  The information withheld from the SIS investigative report represent the personal impressions, behavioral observations, and preliminary evaluations of BOP personnel trained to investigate potential regulatory violations within the inmate population. Herbin-Smith Decl.¶¶ 8,12;  Vaughn Index.  As such, they are both deliberative and pre-decisional.   This information represents an exercise in judgment on the part of BOP special agents  in conducting an investigation, and does not purport to be factual.  Id.  For this reason, the BOP withheld portions of the report.  Id.

---

[4]     The courts have held that staff evaluations of factual circumstances and the conclusions drawn from such submissions form "the essence of the deliberative process." National Wildlife Federation v. United States Forest Serv., 861 F.2d 1114, 1121 (9th Cir. 1988). Additionally, reports or other documents that summarize issues and advise superiors are protectable under the deliberative process privilege.  See Access Reports v. Department of Justice, 926 F.2d at 1196-97; Williams v. Department of Justice, 556 F. Supp. 63, 654 (D.D.C. 1982).  Courts consistently have held staff analysis and advice -- whether supportive or critical of the position finally adopted by the agency -- to be protected under the deliberative process privilege.  See, e.g., Long Beach Container Terminal, Inc. v. Occupational Safety & Health Review Comm'n, 811 F.2d 477, 479 (9th Cir. 1987) ("because courts are usually prohibited from inquiring into an administrator's decision making mental process, it follows that the mental processes of staff members are totally irrelevant"); Nat'l Wildlife Fed'n v. Burford, 677 F. Supp. 1445, 1457-58 (D. Mont. 1985).

**_____c. BOP Properly Invoked Exemption (b)(7)(C) [Law Enforcement – Personal Privacy]**

Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  "[T]he term 'law enforcement purpose' is not limited to criminal investigations but can also include civil investigations and proceedings in its scope."  Mittleman v. Office of Personnel Management, 76 F.3d 1240, 1243 (D.C. Cir. 1996), cert. denied, 519 U.S. 1123 (1997), citing Pratt v. Webster, 673 F.2d 408, 420 n.32 (D.C. Cir. 1982).  When, however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies."  Keys v. U.S. Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987), citing Pratt, 673 F.2d at 418.  A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least 'a colorable claim' of its rationality.'"  Keys, 830 F.2d at 340, quoting Pratt, 673 F.2d at 421.

Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files.  See, e.g., U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 776-780 (1989).

The Supreme Court has made clear that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its

11

relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny,' Department of Air Force v. Rose, [425 U.S. 352, 372 (1976)], rather than on the particular purpose for which the document is being requested." Reporter's Committee, 489 U.S. at 772 (internal quotation marks omitted).  Information that does not directly reveal the operations or activities of the government "falls outside the ambit of the public interest that the FOIA was enacted to serve." Id. at 775.  That public interest is to "shed[] light on an agency's performance of its statutory duties." Id. at 772.  The plaintiff bears the burden of establishing that the "public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests." Perrone v. FBI, 908 F. SUPP. 24, 26 (D.D.C. 1995), citing Senate of Puerto Rico v. Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

Exemption 7(C) consistently has been held to protect the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations.  Reporters Committee, 489 U.S. at 780; Computer Professionals for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996) (noting "'strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity'" (quoting Dunkelberger v. Dept. of Justice, 906 F.2d 779, 781 (D.C. Cir. 1990)).  Indeed, an agency may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity.  Reporters Committee, 489 U.S. at 780; Nation Magazine v. U.S. Customs Service, 71 F.3d 885, 893, 895-896 (D.C. Cir. 1995); SafeCard Services, 926 F.2d at 1206.

The records deemed responsive to the plaintiff's FOIA request are investigative records

12

compiled during the law enforcement investigation involving the plaintiff and several third parties. Herbin-Smith Decl. at ¶¶ 11-12; <u>Vaughn</u> Index. 5 U.S.C. § 552 (b)(7)(C) sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The responsive records contain names and other identifying information which would reveal the identity of and disclose personal information about individuals who were involved or associated with the plaintiff. The individuals are protected from the disclosure of their identities. Herbin-Smith Decl. at ¶ 13; <u>Vaughn</u> Index.

In making the determination to withhold this information, the BOP balanced the individuals' privacy interests against any discernible public interest in disclosure of the individuals' identities. In this instance, the privacy interests outweighed any potential public interest. Thus, disclosure of certain identities would be an unwarranted invasion of their personal privacy. <u>Id</u>. at ¶ 13; <u>Vaughn</u> Index. The public interest in disclosure of the information is determined by whether the information in question would inform the plaintiff or the general public about BOP's performance of its mission to enforce inmate safety. <u>Id</u>. at ¶ 3. There is, however, no public interest to be served by releasing the identities of third parties named in this internal law enforcement investigation.

### d.     BOP Properly Invoked Exemption (b)(7)(D) [Confidential Sources and Information by Confidential Sources]

Exemption 7(D) of the FOIA exempts from mandatory disclosure records or information compiled for law enforcement purposes if the disclosure: could reasonably be expected to disclose the identity of a confidential source which furnished information on a confidential basis.

13

5 U.S.C. § 552 (b)(7)(D).  Exemption 7(D)'s "paramount objective" "is to keep open the Government's channels of confidential information."  Birch v. United States Postal Serv., 803 F.2d 1206, 1212 (D.C. Cir. 1986).[5]

BOP has adequately justified its invocation of (b)(7)(D)with regard to pages 2, 3, 4 and 5 of the SIS report.  Herbin-Smith Decl.,¶ 14;  Vaughn Index.  BOP has claimed this exemption with respect to confidential sources and information obtained during an SIS investigation.  These individuals were expressly assured confidentiality in their identities and the information they provided to BOP. Herbin-Smith Decl., at ¶ 15

In this matter, plaintiff was involved in a matter investigated by the law enforcement component of BOP at FCI-Allenwood for inmate violations of BOP regulatory policies.  Given the nature of the investigation,  the individuals who provided information about the plaintiff or others would fear for their safety, if their identities or the information they provided were revealed.  Herbin-Smith Decl. at ¶ 15;  Vaughn Index.  Therefore, information about the confidential informants was properly withheld.

    **e.**    **BOP Properly Invoked Exemption 5(b)(7)(F) [Safety of Law Enforcement Personnel]**

As amended, Exemption 7(F) of the FOIA provides protection for "any individual" when

---

[5]  The term "confidential source" is very broad.  See, e.g., Gula v. Meese, 699 F. Supp. 956, 960 (D.D.C. 1988) (crime victims); Putnam v. United States Dep't of Justice, 873 F. Supp. 705, 716 (D.D.C. 1995) (medical personnel).  Moreover, the term "confidential" signifies that the information was provided in confidence or in trust, with the assurance that it would not be disclosed to others.  Dow Jones & Co. v. Department of Justice, 917 F.2d 571, 575-76 (D.C. Cir. 1990).  As such, "the question is not whether the requested document is of the type that the agency usually treats as confidential, but whether the particular source spoke with an understanding that the communication would remain confidential."  United States Dep't of Justice v. Landano, 508 U.S. 165, 172 (1993).

disclosure of information about him "could reasonably be expected to endanger [his] life or physical safety." 5 U.S.C. § 552(b)(7)(F). Courts have held that the coverage provided by the exemption can afford protection of the names and identifying information of federal employees and third persons who may be unknown to the requester in connection with a particular law enforcement matter. Isley v. Executive Office for United States Attorneys, No. 96-0123, slip op. at 8-9 (D.D.C. Mar. 27, 1997) (upholding agency's nondisclosure of identifying information about individuals who provided information during murder investigation due to a reasonable likelihood that disclosure would threaten their lives), appeal dismissed, No. 97-5105 (D.C. Cir. Sept. 8, 1997). This protection can also be extended to the identities of informants who have been threatened with harm. Housley v. FBI, No. 87-3231, slip op. at 7 (D.D.C. Mar. 18, 1988).

In this instance, Exemption 7(F) was invoked  to protect all inmates mentioned who could be potential witnesses or provided information. The exemption was used in conjunction with Exemption (b)(7)(D) where implied confidentiality was asserted. It was concluded that given the nature of the investigation, that the release of the names of third parties could jeopardize their health and/or safety. Herbin-Smith Decl., ¶ 15; Vaughn Index.

## C.    SEGREGABILITY.

The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt

15

portions." 5 U.S.C. § 552(b); <u>Mead Data Cent., Inc. v. United States Dept. of the Air Force</u>, 566 F.2d 242, 260 (D.C. Cir. 1977).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements". <u>Mead Data</u>, 566 F.2d at 261. The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed. <u>Id</u>. All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. <u>Armstrong v. Executive Office of the President</u>, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." <u>Mead Data</u>, 566 F.2d at 261, n.55.

In this case, BOP has demonstrated with reasonable specificity that all reasonably segregable information has been released. The declaration of Herbin-Smith describes in detail the non-segregable information, and the reasons why partial releases cannot be made. <u>See</u> Herbin-Smith Decl. at ¶ 16. BOP has met its burden here.

### III.  <u>CONCLUSION</u>

_____For the foregoing reasons, defendant BOP respectfully requests entry of summary

judgment.

                        Respectfully submitted,


                        _____
                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                        United States Attorney


                        ___/s/_____
                        RUDOLPH CONTRERAS, D.C. Bar # 434122
                        Assistant United States Attorney


                        ___/s/_____
                        WYNEVA JOHNSON, DC Bar #278515
                        Assistant United States Attorney
                        555 4th Street, N.W.,
                        Washington, D.C. 20530
                        (202) 514-7224

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **KENNETH E. SPEIGHT** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **Civil Action No. 07- 481 (RCL)** |
| | ) |
| **v.** | ) |
| | ) |
| **FEDERAL BUREAU OF PRISONS** | ) |
| | ) |
| **Defendant.** | ) |

_____)

## <u>ORDER</u>

This matter comes before the Court on Defendant's Motion for Summary Judgment.

Upon consideration of the Motion, the Opposition, the reply, and the entire record herein, it is by

the Court this _____ day of _____, 2008 hereby

ORDERED that Defendant's Motion for Summary Judgment is hereby GRANTED; and

it is further

ORDERED that the above captioned matter is hereby DISMISSED WITH PREJUDICE.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

cc:
Wyneva Johnson
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

Kenneth Speight
R# 12471-014
McKean Federal Correctional Institution
POB 8000
Bradford, PA 16701

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of February, 2008 a copy of the foregoing Motion for

Summary Judgment for Defendant BOP, Statement of Material Facts, Memorandum in Support,

all Attachments, and Proposed Order has been served by first class United States mail, postage

prepaid, to:

Kenneth Speight
R# 12471-014
Bradford Correctional Institution
POB 8000
Bradford, PA 16701

_____
Wyneva Johnson
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

KENNETH E. SPEIGHT,
   Plaintiff

     v.

BUREAU OF PRISONS,
   Defendant

Civil Action No. 07-481(JR)

DECLARATION OF VANESSA HERBIN-SMITH

I, Vanessa Herbin-Smith, under penalty of perjury do hereby
declare, certify and state:

    1.   I am the Supervisory Paralegal Specialist for the
Federal Bureau of Prisons (hereinafter BOP), Northeast Regional
Office, Philadelphia, Pennsylvania.  As part of my official
duties, I assist in coordinating responses to Freedom of
Information Act requests made to the BOP for records maintained
in the Northeast Region.  I have access to the Freedom of
Information Act and Privacy Act (hereinafter FOIA/PA) files for
requests processed in this office.  I am familiar with, and
received training on, the policies and procedures regarding the
processing and release of information under the FOIA/PA.

2

2.   I have reviewed the instant complaint and understand the
Plaintiff, Kenneth Speight, Register Number 12471-014, who is
currently incarcerated at the Federal Correctional Institution
(FCI), McKean, Pennsylvania alleges the BOP has improperly
withheld two pages of records in response to the request for
records described below.

3.   The BOP is a law enforcement agency.  The definition of
"law enforcement officer" includes "an employee of the [BOP] or
Federal Prisons Industries, Incorporated."  5 U.S.C. §8401
(17)(D)(I).  Furthermore, BOP is tasked with the law enforcement
mission of protecting inmates, staff, and the community.  See 18
U.S.C. §§ 3050, 4042.

4.   The BOP processes all requests by individuals (or
entities) for records pertaining to themselves (as in this case)
under the FOIA in order to provide the requester the maximum
disclosure authorized by law.  The Attorney General has
promulgated rules exempting these records from the PA's access
provisions as authorized by 5 U.S.C. § 552a(j)(2), which appears
at 28 C.F.R. § 16.81.  Subsection (j)(2) exempts from mandatory
disclosure records maintained by an agency or component thereof,
which performs as its principal function any activity pertaining
to the enforcement of criminal laws.

3

5. Official records maintained in this office reflect Plaintiff Speight submitted a request that was received by the BOP Central Office, FOIA/PA Section, on or about October 31, 2005. This request was forwarded to the BOP's Northeast Regional Office shortly thereafter. The request was assigned Request Number 2006-0780. A true and correct copy of this letter is attached hereto as Exhibit 1.

6. A review of the request reveals the Plaintiff requested "All files, reports, memorandums records and other documents which constitute any "reports" or "records" of any Special Investigation Section ("SIS") investigation conducted by Lt. J. Lyons and/or Lt. B. Feltman during the time period of April 4, 2004 and June 2, 2004 with respect to Kenneth Eugene Speight, Reg. No. 12471-014, as the subject of such investigation."

7. On or about November 3, 2005, a request for responsive recordings was forwarded to the legal office at FCI Allenwood as the Plaintiff was housed at that facility during the time frame referenced.

8. By letter dated February 14, 2006, Plaintiff was notified that six pages of records were received for review and that four of those pages would be released with excisions. The Plaintiff was also notified that two pages were being withheld in their

4

entirety.   He was advised that release of the information would
tend to inhibit open and frank communication between Bureau of
Prisons employees, would or could constitute an unwarranted
invasion of personal privacy, could reveal sources of information
disclosed on reasonable expectation of confidentiality, would
disclose techniques and procedures for law enforcement
investigations or prosecutions, and could reasonably be expected
to endanger the life or physical safety of any person.   He was
also advised of the statutory basis for the excisions and
withholdings.   A true and correct copy of this letter is attached
hereto as Exhibit 2.


9.   On or about April 12, 2006, the Plaintiff filed an appeal
to the Department of Justice Office of Information and Privacy
(OIP).   In his appeal, the Plaintiff requests the decision to
withhold the record be reversed.   A true and correct copy of this
letter is attached hereto as Exhibit 3.


10. On September 25, 2006, OIP responded to the Plaintiff and
affirmed, on partly modified grounds, BOP's action on his request.
In the letter , OIP indicated that the records in question are
exempt from the access provisions of the Privacy Act pursuant to 5
U.S.C. Section 552a(j)(2).   The letter also indicates that the BOP
properly withheld certain information under the following FOIA
exemptions - 5 U.S.C. Section 552(b)(5),  (b)(7)( C),  (b)(7)(D),

5

(b)(7)(F).  In addition, OIP properly withheld portions of the

document under U.S.C. Section 552(b)(2).  A true and correct copy

of this letter is attached hereto as Exhibit 4.


11.  In this case, the records at issue were complied during

the course of the Bureau of Prisons' performance of its law

enforcement functions of protecting inmates, staff and the

community.  28 C.F.R. § 540.102.  Specifically, the six page

document in question is a memorandum prepared by a Special

Investigative Lieutenant into an incident at FCI Allenwood in

April 2004.  In short, the memorandum at issue in this case is

central to BOP's charge to carry out its law enforcement

functions.


12.  The nature of the document in question, an internal SIS

investigative report, clearly lends itself to the application of

Exemption (b)(5) of the FOIA which exempts from mandatory release

of records or information of such release would tend to inhibit

open and frank communication between Federal Bureau of Prisons'

employees and information that is part of the deliberative process

privilege.  The information withheld from Plaintiff pursuant to

Exemption (b)(5), which was compiled by the BOP as part of its law

enforcement mandate, consists of information that was compiled

during an investigation which is part of the deliberative process

privilege and, if released, it could inhibit and affect the way

6

staff communicate.

13. In determining whether access to the document should be provided, the privacy rights of third parties must also be taken into consideration. 5 U.S.C. §§ 552(b)(7)( C). This office determined, which was supported by OIP, that release of anymore of the document would infringe upon the privacy rights of a third party and would constitute a clearly unwarranted invasion of that person's privacy. In this case, the document contains personal information provided by a third party to which no consent to release this information to the Plaintiff was given.

14. Like above, the nature of the document requires Exemption (b)(2) to be applied as it applies to matters that are related solely to internal agency practices, if released, could circumvent BOP policies and practices when investigating allegations of illegal activity by dangerous or manipulative inmates. The nature of the allegations surrounding the SIS investigation of Plaintiff could circumvent BOP polices and practices.

15. Like above, the nature of the document requires Exemption (b)(7)(D) to be applied as it contains information complied for law enforcement purposes which, if released, could reasonably be expected to disclose identities of confidential

7

sources and information.  In this case, the document contains
information that would disclose the identity of a confidential
source.

16.  Finally, Exemption (b)(7)(F) provides for the
withholding of information or records compiled for law enforcement
purposes, the release of which could endanger the life or physical
safety of any individual.  The material that the BOP has withheld
or redacted and released to the Plaintiff pursuant to Exemption
(b)(7)(F) in this case would reveal personal information regarding
inmates.  In addition, the BOP has withheld or redacted
information regarding other inmates, which if released, could
reasonably be expected to endanger the life or physical safety of
the individuals identified in the records.

17.  Further review of the six page document indicates that
the information is properly withheld and excised under FOIA
exemptions - 5 U.S.C. Section 552(b)(2), (b)(5), (b)(7)(C),
(b)(7)(D), and (b)(7)(F) which were upheld by OIP.  See Vaughn
Index.[1]

---

[1] The <u>Vaughn</u> Index is filed separately under seal.

8

Pursuant to the provisions of 28 U.S.C. 1746, I declare under

penalty of perjury that the foregoing is true and correct.


Executed on this 12th day of February, 2008.

Vanessa Herbin-Smith
Supervisory Paralegal Specialist
Federal Bureau of Prisons
Philadelphia, Pennsylvania

# EXHIBIT 1

06-780

NSR

21 October 2005

Kenneth Eugene Speight
℅ P.O. Box 3000
White Deer, Pennsylvania
[17887]

Wanda Hunt, Chief
FOIA/PA Section
Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC 20534

Re: FREEDOM OF INFORMATION ACT/PRIVACY ACT REQUEST

Dear Ms. Hunt:

    This is a request pursuant to the Freedom of Information
Act, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, for
disclosure of copies of documents within the custody or control of,
or maintained by, or accessible to, your "agency" Please provide
copies of:

    1.  All files, reports, memorandums, records and other
documentation which constitute any "report(s)" or "record(s)"
of any SIS investigation conducted by Lt. J. LYONS and/or
Lt. B. Feltman during the time period April 4, 2004 and
June 2, 2004 with respect to Kenneth Eugene Speight, Reg. No.
12471-014, as the subject of such investigation.

    If there are no documents responsive to this
request, please so indicate in your reply.

FOIA/PA-WH, CHFOIS BOP-102105

1

With respect to any "exemptions" you may wish to claim, please provide any reasonably segregatable portion of a record after deletion of the portions which are exempt, along with the legal justification for each such deletion.

Thank you in advance for your timely compliance.

Cordially,

Kenneth Eugene Speight

FOIA/PA-WH, CHFOI/BOP-102105

2

**EXHIBIT 2**



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

February 14, 2006

Kenneth Speight, Reg. No. 12471-014
United States Penitentiary - Allenwood
P.O. Box 3000
White Deer, Pennsylvania 17887

RE:   Freedom of Information Request No. 2006-00780

Dear Mr. Speight:

This is in response to your request for information received by
this office on October 31, 2005.  You seek copies of any and all
records regarding an SIS investigation conducted by Lieutenant J.
Lyons or Lieutenant B. Feltman regarding you.

In response to your request, six pages of records were received
in this office for a release determination.  Upon review, it has
been determined that four pages are disclosable to you with
excisions.  These four pages are enclosed herein.  The remaining
two pages of records are being withheld in their entirety.

Four pages are being released to you with excisions and two
pages are being withheld in their entirety because they contain
third-party information and information intended for staff use
only.  Release of this information would tend to inhibit open and
frank communication between Federal Bureau of Prisons' employees,
would or could constitute an unwarranted invasion of personal
privacy, could reveal sources of information disclosed on
reasonable expectation of confidentiality, would disclose
techniques and procedures for law enforcement investigations or
prosecutions, and could reasonably be expected to endanger the
life or physical safety of any person.  The statutory bases for
these excisions and withholdings are 5 U.S.C. § 552
(b)(5),(b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F).

Kenneth Speight, Reg. No. 12471-014
FOIA Request No. 2006-00780
Page Two


I trust this has been responsive to your request.  However, if
you are dissatisfied with this response, you may appeal to the
Attorney General by filing a written appeal within 60 days of
your receipt of this response to:  Office of Information and
Privacy, United States Department of Justice, Flag Building,
Suite 570, Washington, D.C.  20530-0001.  Both the envelope and
the letter of appeal itself should be clearly marked: "Freedom of
Information Act Appeal".

I trust this has been responsive to your request.

Sincerely,

Henry J. Sadowski
Regional Counsel

Enclosures:  4 pages

EXHIBIT 3

06-1852    PA
                                                                    (A)
                                                            BOP/NERO

4/24/06

April 12, 2006                          Kenneth Eugene Speight
                                        c/o USP Allenwood
                                        P.O. Box 3000
                                        white Deer, Pennsylvania
                                                        ]17887]


Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530-0001

        Re: **FREEDOM OF INFORMATION ACT APPEAL**
            from Request Number 2006-00780 Bureau of Prisons

        On October 31, 2005, Bureau of Prisons Northeast Regional
Office received a request from the undersigned seeking all files
related to an investigation conducted by SIS at FCI Allenwood, PA,
between April and June of 2004, in which Kenneth Speight was the
subject of said investigation.

        On February 22, 2006, the undersigned received a response
denying the release of pertinent portion of the request and excis-
ing virtually all data from the pages which were release. (Copy of
response letter enclosed).

        The reasons provided for the claimed exemptions do not warrant
denial of, for example, the suspected violation being investigated.

        Individuals within the Bureau of Prisons have used the infor-
mation which is sought by the undersigned for the purpose of ob-
taining a favorable ruling in a civil court case on another and
unrelated matter.  Said documents have placed in the public record
yet, are still being denied to the undersigned who is the subject
of the file.  This constitutes violation of my Privacy Act rights.

        The decision to withhold the said file should be reversed.

        Thank you for your attention.

                                        Cordially,

        OFFICE OF INFORMATION
            AND PRIVACY

            APR 2 4 2006

        RECEIVED                        Kenneth Eugene Speight


Enclosures

**EXHIBIT 4**

J/2007 17:02 FAX  2025141009       DOJ-OIP                                     002/003

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_          _Washington, D.C. 20530_

**SEP 2 5 2006**

Mr. Kenneth Eugene Speight
Register No. 12471-041
United States Penitentiary                Re:  Appeal No. 06-1852
Post Office Box 3000                           Request No. 2006-00780
White Deer, PA  17887                          KDC:ALB:JTR

Dear Mr. Speight:

You appealed from the action of the Northeast Regional Office of the Federal Bureau of Prisons (BOP) on your request for access to records pertaining to any investigation of you by Lt. J. Lyons and/or Lt. B. Feltman from April 4, 2004 to June 2, 2004.

After carefully considering your appeal, I am affirming, on partly modified grounds, BOP's action on your request.  These records are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.97 (2006).  Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

BOP properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices;

5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency communications protected by the deliberative process privilege;

5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties;

5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources; and



-2-

5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law
enforcement purposes the release of which could reasonably be expected to
endanger the life or personal safety of an individual.

If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director