# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENNETH E. SPEIGHT** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 07-481(RCL)** |
| ) | |
| **v.** ) | |
| ) | |
| **BUREAU OF PRISONS** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

### *INTRODUCTION*

Plaintiff Kenneth Speight is a federal prisoner currently incarcerated at the McKean Federal Correctional Institution in McKean, Pennsylvania. On or about April 5, 2004, plaintiff was placed in administrative detention at the Federal Correctional Institution at Allenwood, Pennsylvania, "pending investigation of a violation of [BOP] regulation." Plaintiff alleges that he filed this civil action for the sole purpose of "compelling BOP to disclose the information" redacted or excluded from the document responsive to his FOIA request about that April 2004 detention. Complaint, Count I, ¶ 23.

On February 13, 2008, Defendant moved for Summary Judgment on the grounds that all redactions were properly made, pursuant to the applicable FOIA exemptions and, in support thereof, filed the First Declaration of Vanessa Herbin-Smith. Plaintiff has not challenged any of the specific exemptions asserted.

Plaintiff's Opposition to Defendant's Motion For Summary Judgment raises no legally sufficient challenge to the grounds for summary judgment of this action. Rather, he suggests that "[d]iscovery is necessary to determine whether actions which generated the records sought were in fact "retaliatory." Plaintiff's Response to Government's Motion to Dismiss and in the Alternative For Summary Judgment (Plaintiff's Opposition) at 1.

Plaintiff further asserts that defendant has made "no reference to the facts of [an additonal FOIA request] as to Count Two of [his] Amended Complaint[1]" See Plaintiff's Opposition at 1. Count Two of the Amended Complaint makes reference to an alleged FOIA request, dated November 9, 2006, that relates to administrative remedy number 428661-F1, within BOP.[2] Defendant reviewed the file for administrative remedy number 428661-F1, which referenced no such FOIA request and searched BOP's database for a FOIA/PA request dated, November 9, 2006, which revealed no record of this request. See Second Declaration of Vanessa Herbin-Smith (2nd Herbin-Smith Decl, ¶4. Although, the November 9, 2006 request was never officially logged

---

[1]                                         COUNT II
     30.  . . .
     31. The BOP failed to disclose requested records or otherwise
     respond to request as required by law, and has improperly withheld
     information related to administrative remedy number 428661-F1.
     32. The Plaintiff brings this action for purpose of compelling the
     BOP to disclose the information maintained in its system of
     records which was specified in Plaintiff's FOIA/PA request of
     November 9, 2006, together with records pertinent to said request.

Amended Complaint, Count II.

[2] The administrative remedy number 428661-F1 was filed on September 28, 2006 by plaintiff challenging his custody and security designation as determined by BOP. See 2nd Vanessa Herbin-Smith Decl. at 2.

by defendant, the documents pertaining to administrative remedy number 428661-F1 are released

in full herein. See Exhibit 3, 2nd Herbin-Smith Decl., ¶9.

    Finally, Plaintiff's Opposition challenges defendant's dispositive motion by alleging that

any information withheld was improper,  because he believes the records he is requesting are not

criminal law enforcement records. Plaintiff's Opposition at 6.  However, as explained in

defendant's dispositive motion at page 4, these records are compiled for law enforcement

purposes and therefore meet the criteria for Exemption (b)(7). See also 1st  Herbin-Smith Decl.,

¶12.  Accordingly, for the reasons stated herein,  Defendant's Motion For Summary Judgment

should be granted

*ARGUMENT*

A. Plaintiff's Request for Discovery Should Be Denied

    To the extent plaintiff's request is for discovery, such a request should be denied.

FOIA actions are typically resolved without discovery. See Wheeler v. CIA, 271 F.Supp.2d 132,

139 (D.D.C. 2003). Plaintiff is not seeking discovery concerning the FOIA search process.

Rather, he is seeking discovery in an attempt to prove that defendant's action were 'retaliatory'

against him. Plaintiff's Opposition at 1.  However, the Court in Public Citizen Health Research

Group v. Food and Drug Administration stated:

> Discovery is to be sparingly granted in FOIA actions.  Typically it is limited to
> investigating the scope of the agency's indexing procedures, and the like. See, e.g.
> SafeCard Servs. v. SEC, 926 F.2d 1197, 1200-02 (D.C.Cir.1991).  If a court is
> satisfied that the affidavits supplied by the agency meet the established standards
> for summary judgment in a FOIA case and that the plaintiff has not adequately
> called these submissions into question, no factual dispute remains, and discovery
> is inappropriate.

Pub. Cit'zn Health Researh. Group. v. FDA, 997 F. Supp.56, 72-73 (D.D.C. 1998)

aff'd in part, rev'd in part and remanded (on other issues) 185 F.3d 898 (D.C. Cir. 1999).

Because plaintiff's request for substantive discovery is not authorized under FOIA and no genuine issue exists as to defendant's processing of plaintiff's FOIA request, plaintiff's request for discovery should be denied. See Voinche v. F.B.I. 412 F.Supp.2d 60, 72 (D.D.C.,2006).

Plaintiff apparently concedes that defendant properly responded to his initial FOIA request concerning the April 2004 incident report, because he has not challenged any of the exemptions asserted. See generally Plaintiff's Opposition.

B. Claims Concerning A Different FOIA Request Are Moot

In Plaintiff's Opposition to Defendant's dispositive motion, he alleges that a second FOIA request, dated November 9, 2006, relating to administrative remedy number 428661-F1[3] was allegedly sent to Washington.[4] Defendant has provided the responsive records in Exhibit 3 of the 2nd Herbin-Smith Declaration and any such claim is now moot. See Northwestern University v. U.S. Dept. of Agriculture 403 F.Supp.2d 83, 85 (D.D.C., 2005) ( "[o]nce the records are produced, the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." ) (citing Crooker v. U.S. State Dep't, 628 F.2d 9, 10 (D.C.Cir.1980)).   Indeed, a FOIA case may become moot even if the agency's release of information was "fitful or delayed." Id at 85. (citing Perry v. Block, 684 F.2d 121, 125

---

[3] Moreover, in that action, Ms. Rosalind Bingham states that contrary to plaintiff's assertions, there were no "notes memoranda or other documentation generated or maintained regarding this remedy." See Attachment 1, Declaration of Ms. Rosalind Bingham, in Speight v. Sims et al. (3:CV-07-0064) (M.D.Pa.).  Therefore, the documents provided in Exhibit 3 of the 2nd Vanessa Herbin-Smith are all documents responsive to the claimed November 9, 2006 FOIA request.

[4] As set Forth above, defendant has no record of this request. Accordingly, plaintiff has failed to establish that he has exhausted his administrative remedies for this action.

(D.C.Cir.1982)).  As a general proposition, "however fitful or delayed the release of information under the FOIA may be," once an agency has released all nonexempt material, the courts "have no further judicial function to perform under the FOIA."<u>Long v. U.S. Dept. of Justice</u> ,450 F.Supp.2d 42, 61 (D.D.C., 2006) (citing <u>Tijerina v. Walters</u>, 821 F.2d 789, 799 (D.C.Cir.1987) (quoting Perry v. Block, 684 F.2d 121, 125 (D.C.Cir.1982))). Here, Defendant has released the documents in full. Thus, any claim as to the claimed November 9, 2006 FOIA request is moot.

C. <u>Summary Judgment is Appropriate on Plaintiff's FOIA Claims</u>

BOP's search search was adequate and reasonable.  Mere conclusory allegations are not enough to survive a motion for summary judgment.  <u>Harding v. Gray</u>, 9 F.3d 150, 154 (D.C. Cir. 1993); <u>Rowland v. Riley</u>, 5 F. Supp.2d 1, 3 (D.D.C. 1998); <u>Benn v. Unisys Corp.</u>, 176 F.R.D. 2 (D.D.C. 1997).  Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment.  <u>See</u> <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.")  Plaintiff does not dispute any of the relevant material facts concerning the defendant's FOIA searches.  The bald assertion that there are factual disputes alleged by plaintiff, Plaintiff's Opposition at  p.6, does not put into dispute any genuine relevant material fact.

The FOIA confers jurisdiction upon the District Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency.  5 U.S.C. § 552(a)(4)(B).  The courts have interpreted this section of the statute to mean that jurisdiction only exists upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records.  <u>See</u> <u>Kissinger v. Reporters Committee for Freedom of the Press</u>, 445 U.S.

5

136, 150 (1980).

"The plaintiff must show that the agency 'contravened all three components of this obligation' in order for jurisdiction to be valid." Kuffel v. U.S. Bureau of Prisons, 882 F.Supp. 1116, 1120 (D.D.C. 1995) (citing Kissinger, 445 U.S. at 151.)  Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies." Defendant has not improperly withheld agency records, but has conducted an adequate and reasonable search where all responsive documents were found and all non-exempted records released.. 1st Decl of Vanessa Herbin-Smith, ¶¶ 8-9.  Therefore, the defendant's motion for summary judgment should be granted.

*CONCLUSION*

In consideration of the record herein, defendant therefore respectfully requests this Court to grant its dispositive motion.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 514-7224

6

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing Reply to Plaintiff's Response to

Defendant's Motion for Summary Judgment has been made by mailing a copy thereof to:

Kenneth Speight
R# 12471-014
Bradford Correctional Institution
POB 8000
Bradford, PA 16701

on this__day of April, 2008.

_____
Wyneva Johnson
Assistant United States Attorney
.                                                (202) 514-6970

## ATTACHMENT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH SPEIGHT,** | : | **Civil No. 3:CV-07-0064** |
| | : | |
| **Plaintiff,** | : | **(Judge Conaboy)** |
| | : | |
| **v.** | : | **(Magistrate Judge Smyser)** |
| | : | |
| **H. SIMS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## DECLARATION OF ROSALIND BINGHAM

I, Rosalind Bingham, do hereby declare and state as follows:

1.  I am currently employed by the United States Department of Justice, Federal Bureau of Prisons (BOP), as a Paralegal Specialist at the Northeast Regional Office in Philadelphia, Pennsylvania. I have been employed with the BOP since January 2001. As a Paralegal Specialist, I am familiar with the administrative remedy process for inmates as codified at 28 C.F.R. § 542.10, et seq, and I have access to most records maintained in the ordinary course of business at the BOP Northeast Regional Office, including records maintained in the BOP computerized database.

2.  Records indicate Kenneth Speight, Federal Register Number 12471-014 (Plaintiff) was incarcerated at FCI Allenwood from July 30, 2002 through June 13, 2005. On June 13, 2005, he was transferred to USP Allenwood, where he stayed until October 4, 2006. He was then transferred to FCI McKean, arriving there on October 6, 2006. The Plaintiff is currently housed at FCI McKean.

## ATTACHMENT 1

3.    In the ordinary course of business, computerized indexes of all administrative requests and appeals filed by inmates are maintained in the BOP computerized database so that rapid verification may be made as to whether an inmate has exhausted the administrative remedy process on a particular issue. In addition to the computerized database, hard copies of all administrative remedies in which an inmate has successfully appealed at least to the Northeast Regional Office are maintained in the ordinary course of business in the Northeast Regional Office. However, actual copies of rejected administrative remedies are not maintained.

4.    Records indicate, while incarcerated at USP Allenwood, the Plaintiff filed administrative remedy 428661-F1, on September 28, 2006, objecting to his custody classification being changed. This remedy was closed on October 17, 2006, as it was withdrawn by the Plaintiff. See Attachment 1, Request for Administrative Remedy 428661-F1.

5.    The Plaintiff filed an appeal of remedy 428661-F1 to the Northeast Regional Office (428661-R1) on November 14, 2006. This appeal was rejected by the Northeast Regional Office since Plaintiff's signature on his withdrawal was verified and since his attempt to appeal was untimely in that it was received by the Northeast Regional Office beyond the twenty (20) day appeal period.

2

# ATTACHMENT 1

6.    In verifying Plaintiff's signature, I compared Plaintiff's signature on his administrative

remedy appeal (428661-R1) to his signature appearing on his withdrawal which was

located in the response section of administrative remedy 428661-F1.  See Attachment 1.

The process of comparing signatures is standard procedure when an inmate makes an

allegation that he did not withdraw an administrative remedy.  When accomplishing this

process, I do not generate any documents.  Contrary to Plaintiff's allegations, I did not

generate or maintain any notes, memoranda, or other documentation.  I further note that

Plaintiff's signature on more recent administrative remedy appeals he has filed

demonstrate the close similarity with his signature.  See Attachment 2, Regional

Administrative Remedy Appeals 462240-R1, 475848-R1,and 477885-R1.


7.    On December 8, 2006, the Plaintiff further appealed to the Central Office (428661-A1).

The Central Office rejected the appeal noting that Plaintiff withdrew his remedy and

informing Plaintiff that if he wished to grieve his custody classification issue he should

start the process at the institution level.  The Plaintiff did not re-start the process of

grieving his custody classification.

3

# ATTACHMENT 1

I declare that any and all documents attached to this declaration are true and accurate copies of documents maintained in the ordinary course of business by the Federal Bureau of Prisons. I further declare that the foregoing is true and correct, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

Executed this 29th day of February, 2008.

Rosalind Bingham
Paralegal Specialist
Bureau of Prisons
Northeast Regional Office

4

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA


KENNETH E. SPEIGHT,
    Plaintiff

        v.                          Civil Action No. 07-481(JR)

BUREAU OF PRISONS,
    Defendant


SECOND DECLARATION OF VANESSA HERBIN-SMITH

I, Vanessa Herbin-Smith, under penalty of perjury do hereby
declare, certify and state:


    1.  I am the Supervisory Paralegal Specialist for the
Federal Bureau of Prisons (hereinafter BOP), Northeast Regional
Office, Philadelphia, Pennsylvania.  As part of my official
duties, I assist in coordinating responses to Freedom of
Information Act requests made to the BOP for records maintained
in the Northeast Region.  I have access to the Freedom of
Information Act and Privacy Act (hereinafter FOIA/PA) files for
requests processed in this office.  I am familiar with, and
received training on, the policies and procedures regarding the
processing and release of information under the FOIA/PA.


    2.  I have reviewed the Amended complaint in which
Plaintiff, Kenneth Speight, Register Number 12471-014, who is

currently incarcerated at the Federal Correctional Institution

(FCI), McKean, Pennsylvania has alleged that BOP has improperly

withheld information related to Administrative Remedy No. 428661-

F1 (hereinafter Remedy). Specifically, the Plaintiff sought:

COUNT II

> 30.    . . .
> 31. The BOP failed to disclose requested
> records or otherwise respond to request as
> required by law, and has improperly withheld
> information related to administrative remedy
> number 428661-F1.
> 32. The Plaintiff brings this action for
> purpose of compelling the BOP to disclose the
> information maintained in its system of
> records which was specified in Plaintiff's
> FOIA/PA request of November 9, 2006, together
> with records pertinent to said request.

Amended Complaint, Count II

3. Title 28 C.F.R. §§542.10-.19 contains the Bureau of

Prisons Administrative Remedy Procedures.  Under these

guidelines, an inmate can seek formal review of almost any aspect

of his incarceration.  The procedure requires the inmate to first

file a complaint with the Warden.  This level of appeal is

designated with the letter "F" on the Administrative Remedy

Generalized Retrieval data print out.  If the inmate is not

satisfied with the Warden's response, he must then file an appeal

to the Regional Director within 20 days of the Warden's response.

This level of appeal is designated with the letter "R" on the

Administrative Remedy Generalized Retrieval data print out.  If

3

the inmate is not satisfied with the Regional Director's
response, he must then file an appeal to the General Counsel
within 30 days of the Regional Director's response.  This is the
final administrative appeal available to an inmate in the Federal
Bureau of Prisons.  This level of appeal is designated with the
letter "A" on the Administrative Remedy Generalized Retrieval
data print out.  An inmate has not exhausted the Bureau of
Prisons' administrative remedy procedures until he has filed a
complaint through all three levels.

    4.  A review of the administrative remedy history for
Administrative Remedy No. 428661-F1 reveals the following.  On
September 23, 2006, Plaintiff filed Administrative Remedy Number
428661-F1 challenging his security and custody designation as
determined by the BOP. Exhibit 1, Request for Administrative
Remedy Part A.  On October 2, 2006, the Plaintiff "withdr[e]w
this administrative remedy. Exhibit 1, Part B.  On October 17,
2006, the remedy was closed as it was determined to have been
withdrawn by the Plaintiff. Exhibit 2, Computerized
Administrative Remedy Retrieval, Remedy ID:428661-**F1**, p.2.  On
November 14, 2006, the Plaintiff filed an appeal which was
rejected by the Northeast Regional Office since Plaintiff's
signature on his withdrawal was verified and his appeal was
untimely. Exhibit 2, Remedy ID:428661-**R1**, p.2.  On December 8,
2006, the Plaintiff further appealed to the Central office which

4

also rejected it noting that Plaintiff had previously withdrawn

his request.  Exhibit 2, Remedy ID:428661-**A1**, p.3.  The Central

office advised the Plaintiff that if he wished to grieve his

custody classification issue he should start the remedy process

at the institution level. Exhibit 2, Remedy ID:428661-**A1**, p.3.

5.    The BOP utilizes a separate process to administratively

handled requests by inmates under the Freedom of Information Act

and processes all requests by individuals (or entities) for

records pertaining to themselves (as in this case) under the FOIA

in order to provide the requester the maximum disclosure

authorized by law.  The requests are required to be submitted to

the Bureau of Prisons Office of General Counsel, Freedom of

Information Act/Privacy Act Section for receipt and logging

purposes.  The request is then electronically forwarded to the

respective Regional office for further processing - including the

request for records from the appropriate location(s), reviewing

any records available, and determining what, if any, records are

to be released, redacted, or withheld.


6. The Attorney General has promulgated rules exempting

these records from the PA's access provisions as authorized by 5

U.S.C. § 552a(j)(2), which appears at 28 C.F.R. § 16.81.

Subsection (j)(2) exempts from mandatory disclosure records

maintained by an agency or component thereof, which performs as

its principal function any activity pertaining to the enforcement

5

of criminal laws.

7.  Plaintiff Speight asserts he submitted a FOIA/PA request

on November 9, 2006, seeking documents pertinent to

Administrative Remedy No. 428661-F1.  Official computer tracking

information available in this office indicates that although

Speight filed numerous other FOIA/PA requests that were accepted,

and processed, his request for records concerning Administrative

Remedy No. 428661-F1 was never officially accepted and logged

into the database for processing by the BOP.

8.  Although the BOP never officially logged in the

Plaintiff's request, dated November 9, 2006, for records

concerning Administrative Remedy No. 428661-F1, attached as

Exhibit 3 are the six pages of responsive records.  They are

being released in full.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under
penalty of perjury that the foregoing is true and correct.

Executed on this ⁵ᵗʰ day of April, 2008.

Vanessa Herbin-Smith
Supervisory Paralegal Specialist
Federal Bureau of Prisons
Philadelphia, Pennsylvania

# EXHIBIT 1

U.S. DEPARTMENT OF JUSTICE                    REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Kenneth Eugene Speight          12471-014          1-A          Usp Allenwood
      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT        INSTITUTION

Part A- INMATE REQUEST All attachments, "Informal Resolution Form," dated 9-6-06, and "Informal Resolution Request, dated July 28, 2006, are incorporated by reference as fully set forth here. The informal reply by staff is non-responsive as to the correction of my custody level. No explanation is provided for why or how my custody classification was changed from +6 to +18. Additionally, the current offense severity should not be "MODERATE". There is no justification for such designation. Please provide the factual and legal bases for these determinations. And, make the appropriate adjustments to reflect my classification prior to infusion of false or inaccurate information to my file.

~23 September 2006~
        DATE                                           SIGNATURE OF REQUESTER

Part B- RESPONSE

10/2/06

I WISH TO WITHDRAW THIS ADMIN REMEDY, DUE TO MY
ISSUE BEING RESOLVED By MY UNIT TEAM

#12471-014

_____                              _____
      DATE                                    WARDEN OR REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 428661-F1

                                              CASE NUMBER: _____
Part C- RECEIPT
Return to _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT       INSTITUTION
SUBJECT: _____

_____                              _____
      DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)
USP LVN                                                                  BP-2001(1)
                                                                         APRIL 1982

# EXHIBIT 2

```
   NERFW              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-24-2008
PAGE 001 OF                                                              13:52:11
     FUNCTION: L-P SCOPE: CASE  EQ 428661          OUTPUT FORMAT: FULL_____
------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: ____ ____ ____ ____ ____ ____ ____ ____ ____
EXTENDED: _ REMEDY LEVEL: _ _          RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ _____      ____      _____      _____      _____      _____
TRACK: DEPT: _____ _____ _____ _____ _____ _____
       PERSON: ____    ____    ____    ____    ____    ____
         TYPE: ____    ____    ____    ____    ____    ____
EVNT FACL: EQ _____     ____     _____    _____     _____    _____
RCV FACL.: EQ _____     ____     _____    _____     _____    _____
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ _____     ____     _____    _____     _____    _____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____




G0002       MORE PAGES TO FOLLOW . . .
```

```
   NERFW            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      04-24-2008
   PAGE 002 OF       *            FULL SCREEN FORMAT             *      13:52:11


   REGNO: 12471-014 NAME: SPEIGHT, KENNETH
   RSP OF...: MCK UNT/LOC/DST: A                     QTR.: A03-101U   RCV OFC: ALP
   REMEDY ID: 428661-F1        SUB1: 13BM SUB2:      DATE RCV:   09-28-2006
   UNT RCV..: I              QTR RCV.: A01-124U       FACL RCV: ALP
   UNT ORG..: I              QTR ORG.: A01-124U       FACL ORG: ALP
   EVT FACL.: ALP      ACC LEV: ALP  1                   RESP DUE: WED  10-18-2006
   ABSTRACT.: OBJECTS TO CUSTODY CLASSIFICATION BEING CHANGED
   STATUS DT: 10-17-2006  STATUS CODE: CLO STATUS REASON: WDN
   INCRPTNO.:           RCT: P EXT:    DATE ENTD: 09-28-2006
   REMARKS..:




   REGNO: 12471-014 NAME: SPEIGHT, KENNETH
   RSP OF...: MCK UNT/LOC/DST: A                     QTR.: A03-101U   RCV OFC: NER
   REMEDY ID: 428661-R1        SUB1: 13BM SUB2:      DATE RCV:   11-14-2006
   UNT RCV..: A              QTR RCV.: A03-101U       FACL RCV: MCK
   UNT ORG..: I              QTR ORG.: A01-124U       FACL ORG: ALP
   EVT FACL.: ALP      ACC LEV: ALP  1                   RESP DUE:
   ABSTRACT.: OBJECTS TO CUSTODY CLASSIFICATION BEING CHANGED
   STATUS DT: 11-16-2006  STATUS CODE: REJ STATUS REASON: UTR OTH
   INCRPTNO.:           RCT:  EXT:    DATE ENTD: 11-16-2006
   REMARKS..: SIGNATURE VERIFIED THAT YOU WITHDREW YOUR CLAIM.




   G0002      MORE PAGES TO FOLLOW . . .
```

```
   NERFW        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    04-24-2008
PAGE 003 OF 003 *                FULL SCREEN FORMAT           *    13:52:11

REGNO: 12471-014 NAME: SPEIGHT, KENNETH
RSP OF...: MCK UNT/LOC/DST: A                QTR.: A03-101U   RCV OFC: BOP
REMEDY ID: 428661-A1      SUB1: 13BM SUB2:   DATE RCV:   12-08-2006
UNT RCV..: A            QTR RCV.: A03-101U   FACL RCV: MCK
UNT ORG..: I            QTR ORG.: A01-124U   FACL ORG: ALP
EVT FACL.: ALP    ACC LEV:  ALP  1                 RESP DUE:
ABSTRACT.: OBJECTS TO CUSTODY CLASSIFICATION BEING CHANGED
STATUS DT: 12-13-2006  STATUS CODE: REJ STATUS REASON: OTH
INCRPTNO.:          RCT:   EXT:   DATE ENTD: 12-13-2006
REMARKS..: RECORDS INDICATE YOUR APPEAL WAS WITHDRAWN.  IF YOU
           WISH TO APPEAL THIS ISSUE, YOU MUST START THE APPEAL
           PROCESS AT THE INSTITUTION LEVEL.




                    3 REMEDY SUBMISSION(S) SELECTED
G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

# EXHIBIT 3

Case 1:07-cv-00481-RCL    Document 28-3    Filed 04/30/2008    Page 13 of 16

REGNO: 12471-014 NAME: SPEIGHT                    KENNETH      FUNC: REP
RSP OF...: MCK UNT/LOC/DST: A              QTR.: A03-101U    RCV OFC: ALP
REMEDY ID: 428661-F1      SUB1: 13BM SUB2:        DATE RCV: 09-28-2006
UNT RCV.:  I              QTR RCV.: A01-124U      FACL RCV: ALP
UNT ORG.:  I              QTR ORG.: A01-124U      FACL ORG: ALP
EVT FACL.: ALP      ACC LEV: ALP  1                  RESP DUE: WED  10-18-2006
ABSTRACT.: OBJECTS TO CUSTODY CLASSIFICATION BEING CHANGED
STATUS DT: 10-17-2006  STATUS CODE: CLO STATUS REASON: WDN
INCRPTNO.:           EXT Y/N: N   RCT: P  EXT:      DATE ENTD: 09-28-2006
REMARKS..:


                         CURRENT TRACKING DATA
DATE DUE            DEPARTMENT    TO    DATE ASSN      TRK TYPE    DATE RETURNED
FRI 10-06-2006     I            DCT   09-28-2006      INV          10-17-2006



G0000       TRANSACTION SUCCESSFULLY COMPLETED

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Kenneth Eugene Speight     12471-014     1-A     usp Allenwood

     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST** All attachments, "Informal Resolution Form," dated 9-6-06, and "Informal Resolution Request, dated July 28, 2006, are incorporated by reference as fully set forth here. The informal reply by staff is non-re-spnsive as to the correction of my custody level. No explanation is provided for why or how my custody classification was changed from +6 to +18. Additionally, the current offense severity should not be "MODERATE". There is no justification for such designation. Please provide the factual and legal bases for these determinations. And, make the appropriate adjustsments to reflect my classification prior to infusion of false or inaccurate informa-tion to my file.

~~23 September 2006~~

     DATE                                        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

10/2/06

I WISH TO WITHDRAW THIS ADMIN REMEDY, DUE TO MY ISSUE BEING RESOLVED BY MY UNIT TEAM

#12471-014

_____                           _____
DATE                                             WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: 428661-F1

**Part C– RECEIPT**

CASE NUMBER: _____

Return to: _____

     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN      Printed on Recycled Paper                                     BP–229(13)
APRIL 1982

U.S. DEPARTMENT OF JUSTICE                                **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: ___Kenneth Eugene Speight_____ ___12671-014___ ___1-A___ ___USP Allenwood___
          **LAST NAME, FIRST, MIDDLE INITIAL**            **REG. NO.**        **UNIT**              **INSTITUTION**

**Part A– INMATE REQUEST**  All attachments, "Informal Resolution Form," dated 9-6-06, and "Informal Resolution Request, dated July 28, 2006, are incorporated by reference as fully set forth here. The informal reply by staff is non-responsive as to the correction of my custody level. No explanation is provided for why or how my custody classification was changed from #c to +19. Additionally, the current offense severity should not be "MODERATE". There is no justification for such designation. Please provide the factual and legal bases for these determinations. And, make the appropriate adjustments to reflect my classification prior to infusion of false or inaccurate information to my file.

_____                    _____
       **DATE**                                          **SIGNATURE OF REQUESTER**

**Part B– RESPONSE**

_____                    _____
       **DATE**                                          **WARDEN OR REGIONAL DIRECTOR**

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

___**FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE**___          CASE NUMBER: _428661-F1_

                                                                  CASE NUMBER: _____

**Part C– RECEIPT**
Return to: _____ _____ _____ _____
                **LAST NAME, FIRST, MIDDLE INITIAL**         **REG. NO.**    **UNIT**    **INSTITUTION**
SUBJECT: _____

_____                    _____
       **DATE**                                          **RECIPIENT'S SIGNATURE (STAFF MEMBER)**

USP LVN                                                           BP-229(13)
                                                                  APRIL 1982

September 1, 2003
Attachment 1

## United States Penitentiary
## Allenwood, Pennsylvania

_____

### ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
### INFORMAL RESOLUTION FORM

**NOTE TO INMATE**:  You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 [BP-229(13)], you must ordinarily attempt to informally resolve your complaint through your Correctional Counselor. Briefly state **ONE** complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Issued By: _____ GWH _____ (Initials of Correctional Counselor)
Date Issued To The Inmate: _____ 9.6-06 _____

**INMATE'S COMMENTS**:

1.  Complaint: _____ See attached sheet _____
_____
_____
_____

2.  Efforts you have made to informally resolve: _____
_____
_____

3.  Names of staff you contacted: _____
_____
_____


Date Returned to Correctional Counselor: _____ 9-6-06 _____

_Paul Evans Pip J_           12471-014           6 September 2006
Inmate's Signature           Reg. Number          Date

**CORRECTIONAL COUNSELOR'S COMMENTS**:

1.  Efforts made to informally resolve and staff contacted: You are not subject to Notification under 18 USA 2042 your instant offense severity is characterized as "Moderate"

Date BP-9 Issued: _____ 9-19-06 _____

_____           STF
                        Correctional Counselor

                        CliWlno 9/18/06
                        Unit Manager (Date)

**Distribution**:  If complaint is **NOT** informally resolved - Forward original attached to BP-9 Form to the Executive Assistant.

# Informal Resolution Request

**To:**   Counselor Hottenstien                                  July 28, 2006
**From:**  Kenneth Eugene Speight      12471-014        1-A


This request is to correct inaccurate data which is maintained in my Central File. On February 15, 2005, I requested that my classification records be corrected to remove the "NOTIFICATION UNDER 18 USC 4042(B)" requirement due to its non-applicability to my case. Again on March 21, 2005 (received 4-11-05), I reinterated the same request. Also, the application of "PUBLIC SAFETY - GRT SVRTY" is inappropriately applied and have previously requested that such designation be removed. None of the above requests were acted upon, although, staff at FCI Allenwood provided me with assurance that these inaccuracies would be corrected. My security custody level was six (+6) points. I am not aware of any basis for that to change to "+18" points. Please communicate with the appropriate staff-member that the above stated matters should be resolved.

Thank you very much.

July 28, 2006

Kenneth Eugene Speight

**U.S. Department of Justice**

*Federal Bureau of Prisons*

*U.S. Penitentiary, Allenwood*

*White Deer, PA 17887-3500*

MEMORANDUM FOR *D.C Troutman, Unit IV*

FROM:            Administrative Remedy Clerk

SUBJECT:         Assignment of Administrative Remedy for
                 Investigation and Preparation of Response

RE:              Inmate Name: *Speight, Kenneth*

                 Register Number: *12471-014*

                 Unit: *I*

                 Administrative Remedy Number: *428661-F1*

Enclosed you will find a copy of a Request for Administrative
Remedy and the Informal Resolution submitted by the above
referenced inmate.

Please investigate the complaint and prepare a response for the
Warden's signature. Your response should include any supporting
documentation, if applicable.

This response and supporting documentation is to be reviewed by
your Associate Warden and forwarded to the Administrative Remedy
Coordinator by _*10/06/06*_ (8 Calendar Days).

            Administrative Remedy Draft Response Routing

Response Prepared By:_____
                     Department Head

Associate Warden Review:_____

Executive Assistant Review:_____