UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **KENNETH EUGENE SPEIGHT,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-0481 (RCL) |
| **FEDERAL BUREAU OF PRISONS,** | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kenneth Eugene Speight sued defendant Federal Bureau of Prisons ("BOP") under the Freedom of Information Act, 5 U.S.C. 552 *et seq*. ("FOIA"), seeking an order compelling defendant to disclose non-exempt information responsive to his FOIA request. The BOP has filed a motion for summary judgment, which Speight has opposed. The BOP's motion will be denied without prejudice pending additional submission of information for review by the Court.

Speight, a prisoner incarcerated in the BOP's facility in Allenwood, Pennsylvania at the time, was placed in administrative detention on April 5, 2004, "pending investigation of a violation of Bureau regulation." (Am. Compl. ¶ 5.) His property was "confiscated." (*Id.* ¶ 6.) He was not told what regulation violation was being investigated. (*Id.* ¶ 8.) On April 20, 2004, plaintiff filed a FOIA request seeking information about the underlying basis for his detention. (*Id.* ¶¶ 7, 8.) Almost two month later, on June 2, 2004, plaintiff was released without any disciplinary or enforcement proceedings resulting from the investigation. (*Id.* ¶¶ 9, 12.)

Plaintiff's FOIA request netted only one document, a six-page memorandum of investigation dated August 10, 2004. Two of the six pages were withheld in their entirety, and four were released with large portions redacted. (*See* Pl.'s Opp'n, Ex. L.) To justify and explain the redactions, the BOP annotated the redacted sections with references to the applicable statutory exemptions. (*See id.*) A *Vaughn* index and unredacted copies of the six-page memorandum were filed under seal for the Court's *in camera* review.

In his submissions Speight notes two issues that the BOP has not satisfactorily explained. First, the date on the six-page memorandum of investigation is August 10, 2004, more than four months after the detention began and more than two months after it ended. Not only does the BOP fail to explain the date of this document, it asserts that "the records at issue were compiled ***during the course of*** the BOP's performance of its law enforcement functions of protecting inmates, staff and the community. . . . The six pages at issue in this action comprise a memorandum prepared by a Special Investigative Lieutenant into an incident at FCI Allenwood in April 2004."[1] (Def.'s Stmt. of Material Facts ¶ 6 (emphasis added).) The assertion that the records were compiled "during the course of" the investigation is inconsistent with the August 10, 2004 date on the "six pages at issue in this action." (*Id.*) Second, Speight argues that his FOIA request encompassed all the documents listed under the header "Supporting Documentation" found on "Page 5 of 6" of the released records, none of which were even

---

[1] The use of the term "incident" in the defendant's submissions, as well as the report of the investigation itself, is misleading. This investigation was not of, and the plaintiff's detention did not stem from, an "incident." Given that plaintiff was aware of no "incident" involving him that occurred on April 5, 2004 or in the days immediately preceding that date, his suspicion, while misplaced, is understandable.

identified as responsive to his FOIA request or released. (Am. Compl. ¶¶ 16, 17.) The BOP has neither rebutted Speight's contention nor explained its determinations on this account.

The Court has conducted an *in camera* review of the unredacted documents filed under seal. The Court is not entirely satisfied that all material that could be reasonably segregated and disclosed to the plaintiff has been segregated and disclosed. Specifically, it is not clear to the Court why some portions of the two paragraphs on "Page 4 of 6" under the header "Other Information" could not be segregated and released.

Summary judgment is warranted only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. Here, because genuine issues of material fact persist on this record, summary judgment is not warranted. Accordingly, it is hereby

ORDERED that the defendant's motion for summary judgment be, and hereby is, DENIED without prejudice pending additional submissions by the defendant. It is

FURTHER ORDERED that on or before September 20, 2008, the defendant shall file a renewed motion for summary judgment and shall include the following:

(1) a declaration establishing that all of the information in the documents identified as "Supporting Documentation" either has been released to the plaintiff or is exempt from disclosure, along with an explanation for any claimed exemption;

(2) a declaration explaining how it is that the only document deemed to be responsive to plaintiff's FOIA request was dated more than two months after plaintiff was released from detention; and

(3) under seal for *in camera* review, all documents identified on Page 5 of 6 as

"Supporting Documentation" that have not been disclosed in their entirety to the plaintiff.

**SO ORDERED.**

DATED:  August 11, 2008

/s/
ROYCE C. LAMBERTH
United States District Judge