UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **KENNETH EUGENE SPEIGHT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0481 (RCL) |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Kenneth Eugene Speight sued defendant Federal Bureau of Prisons ("BOP") under the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. The BOP has submitted a renewed motion for summary judgment, along with supporting materials. Because the BOP has now demonstrated that all non-exempt information responsive to the plaintiff's FOIA request has been disclosed to the plaintiff, and has justified all the withheld information under one or more of the lawful exemptions, the BOP's motion for summary judgment granted.

### Background

In response to the plaintiff's FOIA request, the defendant initially located a single six-page document, of which it released portions of four pages to the plaintiff and withheld the remaining information. One of the pages in that six-page document referred to "Supporting Documentation," which was not released, justified as exempt from release, or described. Therefore, the Court denied defendant's first motion for summary judgment without prejudice and ordered the BOP to make additional submissions to clarify genuine issues regarding the Supporting Documentation and the date of the only identified responsive document. In addition,

the BOP was required to submit all the Supporting Documentation under seal for an *in camera* review.  *See* Mem. op. & order, Aug. 11, 2008.

The defendant has complied with the Court's Order.  Along with its renewed motion, it has submitted two additional explanatory declarations and a *Vaughn* index for 98 new pages of responsive materials.  It has also submitted under seal the 98 pages of Supporting Documentation for *in camera* review.  In these additional materials, the BOP explains that it had not originally viewed the Supporting Documentation as being within the scope of the plaintiff's FOIA request and had not reviewed the Supporting Documentation for release.  After receiving the Court's order and reviewing the 98 pages of Supporting Documentation, it released to the plaintiff 22 pages without redaction and 3 pages with redactions.  For the three redacted but released pages, the Vaughn index asserts FOIA Exemptions 7(C) and 7(F), which protect information compiled for law-enforcement purposes that, if released could reasonably be expected to constitute an unwarranted invasion of personal privacy or which could endanger the life or safety of an individual.  *See* 5 U.S.C. § 552(b)(7)(C) and (7)(F).  Another seventy-three pages of Supporting Documentation were withheld in full on the basis of one or more exemptions applicable to records compiled for law-enforcement purposes and which protect personal privacy, confidential sources, investigative techniques, or could compromise an individual's safety, or to protect internal policies of the BOP.  (*See* Def.'s Stmt. of Mat. Fact ¶ 9 (identifying FOIA Exemptions 5 U.S.C. § 552(b)(2) and (b)(7)(C) through(b)(7)(F).)  Each redaction or withheld page was justified in the *Vaughn* index by one or more of the specific exemptions allowed under the FOIA.

The plaintiff acknowledges that he received additional documents, and raises no new objections or disputes of material fact to the defendant's renewed motion for summary judgment.

Rather, the plaintiff incorporates by reference his prior opposition. The *in camera* review of the 98 pages of Supporting Documentation has been completed.

Discussion

Summary judgment is permitted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating that no material facts are in dispute and that all information that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. Dep't of Justice,* 627 F.2d 365, 368 (D.C. Cir. 1980).

Having reviewed the entire record, including the BOP's additional submissions, the Court concludes that the defendant has properly released all responsive and segregable information to the plaintiff that it is obligated by law to release. On this record, and in the absence of any new issue of material fact raised by the plaintiff, the defendant is entitled to summary judgment. Accordingly, a final order granting summary judgment to the defendant accompanies this memorandum opinion.

DATED: March 5, 2009

                                                                       /s/
ROYCE C. LAMBERTH
Chief Judge